### McHUGH v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. ACTION AGAINST CITY—PERSONAL INJURIES—NOTICE.

Where in an action against a city for personal injuries, received through its alleged negligence, an allegation in the complaint, in due form, that a notice was filed with the corporation counsel on a specified date of plaintiff's intention to sue upon the cause of action, giving the time and place at

which the injuries were received, is not denied by the answer, the sufficiency of the notice thus filed cannot be challenged at the trial.

2. VICIOUS ANIMAL—KNOWLEDGE OF OWNER.

In order to recover damages for injuries due to the kick of a horse, mere evidence that for some months prior to the accident the horse had been seen to snap at persons, on different occasions, and had kicked a stableman, but only when he had been punched with sticks, and had been tickled and teased, is insufficient to show that scienter on the part of the owner which is essential to a recovery.

Appeal from special term, New York county.

Action by James McHugh against the mayor, aldermen, and commonalty of the city of New York. From a judgment dismissing complaint after trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sumner B. Stiles, for appellant.

Theodore Connoly, for respondent.

McLAUGHLIN, J. On the 9th of December, 1895, the plaintiff, while driving a horse which was attached to an ash cart of the street-cleaning department of the city of New York, was kicked by the horse he was driving, and sustained a serious injury, and he has instituted this action against the city to recover damages for the injury thus sustained. A motion was made by the defendant upon the trial at the close of plaintiff's evidence to dismiss the complaint upon several grounds, which motion was granted by the learned trial justice, as appears from the record, upon the ground that the notice served by the plaintiff upon the corporation counsel prior to the commencement of the action did not comply with the statute (chapter 572, Laws 1886), which provides, in substance, that an action cannot be maintained against a municipal corporation for personal injuries received through its alleged negligence, unless begun within one year after the cause of action accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, has been filed with the corporation counsel. The exception taken by the plaintiff to the ruling of the trial court dismissing the complaint is the only question pertinent for our consideration.

We do not think the defendant was in a position to challenge the sufficiency of the notice filed with the corporation counsel. The complaint contains the following allegation with reference to such notice:

"Plaintiff further alleged that heretofore, on the 11th day of March, 1896, and within six months after the accruing of the cause of action herein, the plaintiff filed notice of intention to sue thereon, giving the time and place at which the injuries were received, upon the counsel to the corporation of the said city of New York."

This allegation is not denied by the answer. Each material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true. Code Civ. Proc. § 522. The notice as pleaded was sufficient, and, there being no denial in

the answer of that fact, no issue was raised by the pleadings as to its contents or sufficiency.

We are, however, of the opinion that the complaint was properly dismissed upon another ground. The evidence offered by the plaintiff did not establish a cause of action against the defendant. After a careful consideration of the record before us, we are unable to find any evidence which would justify a finding that the defendant had, or ought to have had, any knowledge, prior to the time the plaintiff was injured, of the vicious disposition of the horse. It is well settled by numerous decisions that in actions of this character the plaintiff must not only allege in his complaint, but must prove upon the trial, that the defendant, prior to the injuries complained of, had notice of the vicious character of the animal, and no such evidence appears in this case. Indeed, there is no evidence whatever that the horse ever manifested a vicious disposition, except when annoyed or struck by those having him in charge. The facts in this case are very much like those in Lawlor v. French, 2 App. Div. 140, 37 N. Y. Supp. 807, and the determination of the question presented is controlled by the principle there declared. In that case the evidence established that the horse had been seen for several months before the accident to snap at persons on different occasions, and had also kicked a stableman; but it was only when he had been punched with sticks, and had been tickled and teased, that he manifested such disposition. In the case at bar no evidence was produced that the horse, prior to plaintiff's injuries, had ever kicked, except when struck or teased; and it would certainly be unreasonable to charge the owner of a horse, kind in other respects, with knowledge of vicious propensities manifested under such circumstances. Schaver v. Transportation Co., 31 Hun, 55.

It follows, therefore, that the complaint was properly dismissed, and the judgment should be affirmed, with costs. All concur.