(32 Misc. Rep. 641.)

## O'CONNELL v. MOONEY.

(City Court of New York, General Term. October 29, 1900.)

ANIMALS—INJURY TO PERSON—VICIOUS CHARACTER—KNOWLEDGE OF DEFENDANT—PROOF—NECESSITY.

 Where, in an action to recover for personal injuries caused by a kick from a horse, it did not appear that the horse ever kicked any one before or since, or that any one ever had any difficulty with it other than the plaintiff, it was error to deny a motion for a nonsuit, since there was no evidence that defendant had knowledge of the vicious character of the horse.

Appeal from trial term.

Action by William O'Connell against James J. Mooney. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

John E. Duffy, for appellant.

Otto Kempner, for respondent.

CONLAN, J. The action is for injury to the plaintiff, caused by a kick from the defendant's horse. The complaint contains an allegation that the horse in question was vicious, and that the defendant had knowledge thereof. The counsel for the defendant moved to dismiss the complaint, upon the authority of Lawlor v. French, 2 App. Div. 140, 37 N. Y. Supp. 807, but we do not think the cases are parallel. In that case the court said it is apparent from the evidence that the horse was not vicious. What might be considered as a sufficient reason for taking the case from the jury is the fact that there was no positive testimony that this particular horse was vicious, or that, if he were vicious, the defendant knew of it. To entitle the plaintiff to recover, the vicious character of the horse must not only be proven by direct evidence, but it must be shown that the defendant had such knowledge as to render him negligently guilty. Upon this precise question there was, in our opinion, an absence of sufficient proof to charge the defendant with knowledge. It does not appear that the horse ever kicked any one before or since; indeed, no one had experienced any difficulty with him other than the plaintiff, so far as the testimony discloses. It is perhaps unfortunate that the plaintiff should be a sufferer without redress, but juries are not to measure suffering with sympathy, and award damages which it may be said are given simply to solace the afflicted, unless there be grounds for a recovery. Entertaining these views, we think that the motion for a nonsuit should have been granted, and, because of the error in sending the case to the jury without some evidence upon which they might reasonably deliberate, the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

FITZSIMONS, C. J., concurs.