## TALMAGE v. MILLS.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. VICIOUS ANIMALS—CHARACTER—KNOWLEDGE OF OWNER—SUFFICIENCY OF PROOF.

It is sufficient proof that an owner knew of the vicious character of a bull confided by him, without warning, to the care of a party injured by the animal, that the animal once attacked the owner, and he had to get out of its way.

¶ 1. See Animals, vol. 2, Cent. Dig. § 229.

2. SAME—MASTER AND SERVANT—NECESSITY OF RELATION.
     It is no defense to an action by one in possession of and working a
     farm on shares for injuries from a vicious bull confided, without warning,
     to his care by the owner of the land, that the relation of the parties was
     not that of master and servant.

Appeal from Special Term, Orange county.

Action by James T. Talmage against Irwin B. Mills. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Edwin S. Merrill, for appellant.

Daniel Finn, for respondent.

HOOKER, J. The plaintiff, working defendant's farm on shares, was attacked by a bull placed in his possession by the defendant when the farm and stock were turned over to him. The accident occurred four months after the plaintiff went into possession of the farm, and it appears from the evidence that the bull had never during that time exhibited any ugly or vicious traits. This action was brought to recover for the personal injuries sustained by the plaintiff as a result of that attack. The complaint alleges that the bull was a vicious and dangerous animal, that the defendant knew, and plaintiff was ignorant, of these characteristics, and that the plaintiff was free from negligence. At the close of plaintiff's case the defendant's motion for a nonsuit was granted, and plaintiff excepted and appealed.

In Keenan v. Gutta Percha Manufacturing Company, 46 Hun, 544, it was held that proof showing that a slut had bitten a boy 8 or 10 months previous to the time of the attack on which the action was based was sufficient evidence of the vicious propensities of the animal. Here the plaintiff swore that after the injury he had a conversation with the defendant upon the occasion of the sale of the bull, and that then the defendant told him that "he supposed he ought to have sold him before this, because it attacked him one time; he [the defendant] had to get back out of his way." This proof, we think, meets the requirements of the rule. One exhibition of vicious or dangerous characteristics will suffice (Keenan v. Gutta Percha Manufacturing Company, supra; Loomis v. Terry, 17 Wend. 496, 31 Am. Dec. 306; Smith v. Pelah, 2 Strange, 1264); and the question of scienter cannot well be involved here for the reason that the attack proved was upon the defendant himself.

The defendant urges very strongly that the relationship between himself and the plaintiff is not that of master and servant, and therefore he is not liable. It cannot be understood upon what theory the defendant believes he may escape liability if he was not the plaintiff's master. Those who harbor animals of vicious dispositions are liable, when scienter is shown, to the whole community, for attacks by such vicious animals; and it is within strict reason to hold that the rule should be applied with equal effect in a case where the defendant, knowing its characteristics, deliberately, and without giving warning of the danger, places the vicious animal in the possession of another, where it is contemplated that he will, in connection with that pos-

session, be placed where he may be subject to attack. This rule was enunciated in Campbell v. Page, 67 Barb. 113, where the court adopted the language contained in Story on Bailments: "The letter of the horse in such a case must inform the hirer of the vicious propensities of the animal; otherwise he will be liable for the damages which happen to the hirer in consequence of the vicious propensities in the horse." Plaintiff alleged and proved that the defendant, knowing the viciousness of the bull, neglected to caution or advise him in relation. thereto, and to dismiss his complaint was error.

The defendant asks us to hold that the plaintiff's proof shows him to have been guilty of negligence. We have examined the evidence upon this question, and think that under the proof it was for the jury's determination.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.