## KARCHER v. FISS, DOERR & CARROLL HORSE CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

NEGLIGENCE—QUESTIONS FOR JURY.

    Plaintiff attended a horse auction conducted by defendants, and stood in one of two parallel rows of spectators forming a lane between which the horses were led. It was the custom to occasionally strike with a whip the horse being exhibited to make it show action, which custom plaintiff knew. While a horse was being turned in the lane it was hit a severe blow, and kicked out behind, striking plaintiff. *Held*, that while it was not negligence to hit the horses with a whip to stir them up, whether it was negligence to hit the horse while he was turning, because if he kicked out in that position he would kick towards the line of spectators, was for the jury.

Appeal from Trial Term, Kings County.

Action by Frederick J. Karcher against the Fiss, Doerr & Carroll Horse Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is for negligence. The defendant is a dealer in horses, and has auction sales of horses in its horse market. The auction takes place in a very large room. The persons who attend the sale form in two parallel lines across the room, about 8 or 10 feet apart, but as far or as near apart as they like, so long as room enough be left between to exhibit the horses. The auctioneer's stand is in the center of one of the lines. The horses are led in one after the other, and back and forth on a trot in the lane between such lines. As one employé leads the horse back and forth another attends, whip in hand, and occasionally hits the horse a cut of the whip to stir him up and make him show action. This is the customary way in horse marts, as the plaintiff testified, and the striking with the whip is necessary in order that the purchasers may see the action of the horse in order to bid. The plaintiff understood all this and was familiar with it. He was standing in line opposite the auctioneer's stand. A horse was trotted up the lane to the stand, and as he was being turned there to be trotted back, the employé hit him with the whip, and he kicked out behind with both feet and kicked the plaintiff. Fifteen or 20 other horses had been exhibited in the same way while the plaintiff stood there and before he was hurt. He testifies that the horse was hit "a very hard blow," "a very severe blow"; that "the only difference in the exhibition of this horse and the 15 or 20 horses is that I claim they hit this horse a little harder blow with the whip. * * * He hit the horse very hard." His witness testified that "it was a hard crack of the whip."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frank Verner Johnson, for appellant.
Adolph Ruger, for respondent.

GAYNOR, J. To hit the horses with a whip to stir them up was not negligence. But the learned trial judge sent the case to the jury to find whether it was negligence to hit the horse with the horsewhip

while he was turning; because if he kicked out in that position he would kick toward the line. Now whether it was negligence depends on whether in due care and foresight it was to be anticipated that a horse might kick out behind when given a severe cut of a horsewhip. A horse that will do it is an exception, and the rule of due care does not ordinarily require us to regulate our conduct on exceptions. But that is not always so if the exception is likely to occur, as proved by experience, and should therefore be anticipated. All sorts of new horses were constantly coming to the defendant's mart for sale, and out of so many, ever changing, it was to be expected that there would be a vicious or kicking horse every now and then. Cutting the horse with the whip while he was crosswise in the lane, with his heels so close to the bidders, could be found to be negligence in fact.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.