### McGOVERN v. FITZPATRICK.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. MASTER AND SERVANT (§§ 87, 267*)—EMPLOYER'S LIABILITY ACT—FOUNDATION OF ACTION.

An action against an employer for damages by being kicked by a vicious horse, which plaintiff was required to hitch in the course of his duties as hostler, did not rest upon the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204), being an action for an employer's wrongful act in furnishing a dangerous instrumentality for work which was known to the law before the enactment of that act, so that it was error to admit in evidence a notice of injury drawn under the act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–152; Dec. Dig. §§ 87, 267.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR.

The error in admitting in evidence a notice of injury attempted to be drawn under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204) did not of itself require the reversal of a judgment for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

3. MASTER AND SERVANT (§ 125*)—NEGLIGENCE—MASTER'S KNOWLEDGE OF DANGER.

To entitle an employé to recover for injuries from being kicked by a vicious horse he was required to handle, he must show that it had theretofore shown a tendency to kick, which the employer knew or should have known in the exercise of reasonable care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

4. MASTER AND SERVANT (§ 280*)—ACTIONS—PROOF—ASSUMPTION OF RISK.

While less evidence of nonassumption of risk is required where the injured employé dies than where he is alive and can testify, it cannot be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inferred, without evidence, and against every reasonable presumption to the contrary, that the deceased employé did not assume the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986; Dec. Dig. § 280.*]

5. MASTER AND SERVANT (§ 217*)—ASSUMED RISK.

Ordinarily one employed to handle a horse, and who knows of its vicious tendencies, assumes the risk of injury therefrom, if he continues to handle it without a promise by his employer to take precautions to counteract the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

6. MASTER AND SERVANT (§ 280*) — INJURIES — SUFFICIENCY OF EVIDENCE — KNOWLEDGE OF DANGER.

Evidence, in an action for the death of an employé by being kicked by a horse, *held* not to sustain a finding that decedent was ignorant of the horse's tendency to kick.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 280.*]

Appeal from Trial Term, New York County.

Action by Elizabeth E. McGovern, as administratrix, against Richard Fitzpatrick. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Allan E. Brosmith, for appellant.
Adolph Ruger, for respondent.

SCOTT, J. The defendant appeals from a judgment entered upon a verdict and from an order denying a new trial. The action is for damages for the death of plaintiff's intestate, who was employed by defendant and who died, as it is alleged, from a kick received from a vicious horse belonging to defendant. The deceased had been employed by defendant for some time as hostler and driver, and a part of his duty appears to have been to harness the horse or horses which he was about to drive. On December 24, 1907, he had harnessed a horse, and was in the act of leaving the stall when he was kicked. He lived until April, but there was evidence from which the jury might have found, as it did, that death resulted from the kick.

[1] The complaint was framed as if the action was brought under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204), and a notice drawn or attempted to be drawn under that act was served on defendant and admitted in evidence. Its admission was, as we think, erroneous because the plaintiff's cause of action did not rest upon the employer's liability act, but was one which was known to the law before the passage of that act, being an action for the wrongful act of an employer in furnishing to the servant a dangerous instrumentality to work with, after due notice of the danger.

[2] We cannot say, however, that the error of itself would have required a reversal of the judgment. A more serious question is as to the finding of the jury, under the instructions of the court, that the deceased did not assume the risk of injury.

[3] It was necessary, of course, in order to recover at all, that

plaintiff should show the vicious nature of the horse, and that it had before manifested a tendency to kick, and that this tendency was known or should have been known to defendant. Although the defendant produced witnesses to the effect that the horse was not vicious, this evidence was overborne, in the estimate of the jury, by the testimony of two former employés of defendant, who both swore that they had been kicked by the horse; that he was in the habit of kicking; that his propensity in this regard was so well known that the men employed in the stable felt obliged to avoid him. Coupled with this evidence was the testimony of the same witnesses that the deceased had been employed in the stable for several months, and that he had frequently harnessed and driven the same horse. It is scarcely credible, if all this be true, that the deceased did not know of the vicious tendency to kick. This would imply either that he assumed the risk of harnessing and handling the horse, or that he was careless in dealing with it.

[4] It is true that, in case of an accident resulting in death, less evidence is required of lack of contributory negligence or nonassumption of risk than will be required when the injured person is alive and able to speak for himself. But this does not mean that it will be assumed without evidence, and in the face of every presumption to the contrary, that the deceased did not assume a risk.

[5] Ordinarily a servant employed to drive or handle a horse, and who is aware of its vicious tendencies, will be regarded as having assumed the risk, if he continues to drive or handle it, and if there be no promise on the part of the master to take such precautions as may be possible to counteract or minimize the risk.

[6] The finding that the deceased did not assume the risk, which must have been predicated upon the wholly improbable hypothesis that he did not know that the horse had a vicious tendency to kick, is in our opinion clearly against the evidence as it was presented on the trial, and was probably superinduced by the court's instructions upon the subject, which certainly cast upon the defendant an undue burden of proof.

The judgment and order must be reversed, and a new trial granted, with costs to abide the event. All concur.