FINLEY v. CONLAN.

(Supreme Court, Appellate Division, Second Department.  July 25, 1912.)

1. Master and Servant (§ 250*)—Complaint—Common-Law or Statutory Provisions.

The dismissal of a complaint in a servant's action for injuries, which states a cause of action either at common law or under the statute, is erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 805; Dec. Dig. § 250.*]

2. Master and Servant (§ 256*)—Action for Injuries—Sufficiency of Complaint.

A complaint in a servant's action for personal injuries from being kicked by a horse belonging to defendant, which alleged that defendant, knowing of its condition, furnished to plaintiff for use in his work a horse which was dangerous and unsafe by reason of a sore spot upon its breast, causing it great pain, and making it restless and liable to kick, stated a good cause of action, at least at common law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*]

3. Master and Servant (§ 109*)—Liability of Master—Negligence.

A master who in the exercise of due care and oversight might have reasonably anticipated that a horse which he required a servant to use might kick if driven when the harness irritated a sore spot on its breast, the existence of which was known to defendant, would be guilty of negligence toward the servant injured by the horse's kick.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 204; Dec. Dig. § 109.*]

Appeal from Westchester County Court.

Action by Thomas Finley against Michael Conlan.  From a judgment of the County Court of Westchester County, dismissing the complaint, plaintiff appeals.  Reversed, and new trial ordered.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD and RICH, JJ.

Eben H. P. Squire, of White Plains, for appellant.
Humphrey J. Lynch, of New York City, for respondent.

BURR, J.  Plaintiff, while in defendant's employ, was injured through being kicked by a horse belonging to defendant.  When the case was called for trial, a motion was made to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a

----

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause of action. The motion was granted, and plaintiff appeals from the judgment.

The complaint alleges that defendant, knowing of its condition, furnished to plaintiff for use in his work a horse which was dangerous, unsafe, and unfit to be used or driven by reason of a large sore upon its breast, which had been there for upwards of three weeks, and which was in a lacerated and raw condition; that the collar of the harness rested upon and rubbed and chafed this sore spot, causing the horse great pain and suffering and making it restless, nervous, vicious, and liable to kick. The complaint also alleges the service of a notice under those sections of the Labor Law relating to employers' liability. Laws of 1909, c. 36 (Consol. Laws 1909, c. 31) § 200, as amended Laws of 1910, c. 352. Whether a horse furnished to be used in connection with a wagon, both being employed in carrying on the master's work, is included in the term "plant" as used in the amended act, we need not now determine. The case of McGovern v. Fitzpatrick, 148 App. Div. 34, 131 N. Y. Supp. 1048, relied upon by the respondent, is not in point, for there the cause of action arose before the adoption of the amendment referred to.

[1] If the complaint stated a cause of action either at common law or under the statute, it was error to dismiss the same. Mulligan v. Erie R. R. Co., 99 App. Div. 499, 91 N. Y. Supp. 60; Acardo v. N. Y. Contracting & Trucking Co., 116 App. Div. 793, 102 N. Y. Supp. 7; Uss v. Crane Co., 138 App. Div. 256, 123 N. Y. Supp. 94. If this complaint does state or attempt to state two independent causes of action, one at common law and the other under the statute, and it was necessary to separately state and number these (Uss v. Crane Co., supra; Acardo v. N. Y. Contracting & Trucking Co., supra), no motion was made for that purpose.

[2, 3] We think that the complaint did state a cause of action, at least at common law. Respondent contends that to recover for injuries resulting from the kick of a vicious horse it is necessary to allege and prove its vicious nature, and that it had manifested a tendency to kick, and that such tendency was known to defendant. McGovern v. Fitzpatrick, supra; McHugh v. Mayor, 31 App. Div. 299, 52 N. Y. Supp. 623. But the gravamen of this action is not the viciousness of the horse, but the negligence of plaintiff's master in furnishing him with a horse which, under the conditions here disclosed, was unsafe for use. If in the exercise of due care and foresight it was to be reasonably anticipated that a horse might kick if one attempted to drive it when the harness pressed upon and irritated a sore upon his breast, the existence of which was known to defendant, and if under such circumstances defendant required plaintiff to make use of the horse, then he might be found to be negligent. Karcher v. Fiss, Doerr & Carroll Horse Co., 127 App. Div. 203, 111 N. Y. Supp. 54.

The judgment of the County Court of Westchester county should be reversed, and a new trial ordered, costs to abide the event. All concur.