### LEONARD v. DONOHOE.

(Albany County Court. July 23, 1913.)

MASTER AND SERVANT (§ 278*)—PERSONAL INJURIES—ANIMALS—EVIDENCE—SUFFICIENCY.

In an action by a servant for injuries received by a kick from his master's horse, evidence *held* sufficient to show that the horse was vicious and that the master had knowledge of that fact.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Appeal from City Court of Albany.

Action by Martin A. Leonard against Thomas Donohoe. From a judgment of nonsuit against the plaintiff in the City Court of Albany, the plaintiff appeals. Reversed, and new trial ordered.

Casey & Quinn, of Albany, for appellant.
Charles S. Motisher, of Albany, for respondent.

ADDINGTON, J. This is an appeal by the plaintiff from a judgment of nonsuit in the city court of Albany, N. Y.

The action was brought by the plaintiff to recover damages which he claims he sustained by being kicked by defendant's horse, which said horse was being driven by him on the 24th day of October, 1912, when he was in the employment of the defendant, injuring, bruising, and lacerating his leg, to his damage in the sum of $1,000.

At the close of the plaintiff's case, defendant made a motion for a nonsuit. Decision was reserved, and defendant rested. Subsequently the motion for a nonsuit was granted.

The plaintiff testified that on the 24th day of October, 1912, while as an employé of defendant he was driving the horse:

"She kicked me. She kicked against the dash, and my leg happened to be against it. She hit my leg. She hit me with one foot, but she kicked with both. One foot struck me on the leg. * * * There was a cut on my leg an inch and a half long. * * * Dr. Haswell * * * treated me four weeks."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ferdinand A. Wochman, for plaintiff, testified: That he saw the gray horse (in question) kick in the stable in the winter of 1912.

Samuel Blodgett, for plaintiff, testified that after the accident in question:

"I heard him [meaning defendant] say to somebody, of course in my presence, that he had kicked before; had kicked the wagon and bent an iron. I believe that's the way it was told."

Thomas Donohoe, the defendant, was called as a witness for the plaintiff, and testified that:

"She kicked the step on the foot rest * * * about a year before Leonard was employed."

The defendant does not deny the conversation to which Blodgett testifies, and whether that incident is the same as testified to by defendant does not appear. From the evidence, the plaintiff claims that the horse was vicious, and that the defendant had knowledge of such viciousness.

It seems to me that the plaintiff clearly established a good and substantial cause of action. Talmage v. Mills, 80 App. Div. 382, 80 N. Y. Supp. 637; Keenan v. Co., 40 Hun, 544; Loomis v. Terry, 17 Wend. 497, 31 Am. Dec. 306. The cases cited by the defendant are clearly distinguishable from this case. In the case of Lawlor v. French, 2 App. Div. 143, 37 N. Y. Supp. 809, the court says:

"It is apparent from this evidence, that the horse was not vicious, but that whatever nervousness he displayed was the result of the teasing to which he had been subjected by the people engaged around him."

In the case of Shaver v. Co., 31 Hun, 55, the court held that the evidence as to viciousness was improperly received, and that there was no evidence showing that defendant had knowledge of the viciousness claimed.

In the case of McGovern, as Administratrix, v. Fitzpatrick, 148 App. Div. 34, 131 N. Y. Supp. 1048, it was held that the deceased had knowledge of the vicious propensities of the horse and assumed the risk.

In the case of O'Connell v. Mooney, 32 Misc. Rep. 641, 66 N. Y. Supp. 486, cited by defendant, the court says:

"Upon the precise question there was, in our opinion, an absence of sufficient proof to charge the defendant with knowledge. It does not appear that the horse ever kicked any one before or since; indeed, no one had experienced any difficulty with him, other than the plaintiff, so far as the testimony discloses."

For the reasons stated, judgment for the defendant is reversed, and a new trial ordered in the City Court of Albany.