Campbell *v.* Page.

————————◆————————

CAMPBELL *vs.* PAGE, as President &c.

67b     113
80 AD'383

One letting a horse to another, to be used, for hire, is bound to inform the hirer of the vicious propensities of the animal, if any; otherwise he will be liable for any damages which may happen to the hirer in consequence of a vicious act of the horse.

Where the agent of the owner testified that at the time of the hiring he gave the hirer express notice of the horse's propensity to kick, and duly cautioned him on the subject, which the hirer, in his testimony, absolutely denied; *held* that the giving of notice was a question of fact, to be disposed of by the jury.

When the charge of the court is not given, in the case, and there is no exception to it, or to any refusal to charge, upon request, it must be assumed that the facts were left to the jury with full explanations of the law applicable thereto.

In an action to recover damages for an injury to the plaintiff's arm, caused by the kick of a horse which the plaintiff had hired of the defendant, the latter

having notice of its vicious propensities, the evidence was that the injury was of a serious character, and was likely permanently to interfere with the use of the arm. The plaintiff recovered a verdict for $1,000. *Held,* that the court could not say, upon the evidence, that the damages were so excessive as to require the verdict to be set aside.

APPEAL, by the defendant, from a judgment entered upon a verdict, and from an order denying a motion for a new trial, made upon the ground that the evidence did not support the verdict, and that the damages were excessive.

*B. B. & G. N. Burt,* for the appellant.

*A. B. & J. A. Steele,* for the respondent.

*By the Court,* TALCOTT, J. The plaintiff was the master and owner of a canal boat, and hired of the agent of the Towing Company, of which the defendant is president, a pair of horses to tow his canal boat. The action is for damages sustained by the plaintiff, by reason of one of the horses kicking him when he, as he alleges, attempted to take hold of the reins to prevent their backing into the canal. There were no exceptions taken to the admission or rejection of evidence, or to the charge.

The jury found a verdict for the plaintiff for $1,000 damages, which the defendant moved to set aside on the minutes, on the ground that there was no evidence to sustain the verdict, and that the damages were excessive.

There was evidence given which tended to show that the horse in question was accustomed to kick, and that its habits were known to the defendant's agent who was in charge of the towing station where the horse was hired, and let the horse in question to the plaintiff, at the time when the injury occurred.

Story states the rule to be, that the letter of the horse

Campbell *v.* Page.

in such a case must inform the hirer of the vicious propensities of the animal; otherwise he will be liable for the damages which happen to the hirer, in consequence of the vicious propensities in the horse. (*Story on Bailments*, § 391, *a.*)

In this case it appears that the agent of the defendant testified, that at the time of the hiring he gave the plaintiff express and full information as to the propensity of the horse to kick, and duly cautioned him on the subject. This the plaintiff, in his testimony, absolutely denied. This, therefore, was a question of fact to be disposed of by the jury.

The defendant also claims that the evidence shows contributory negligence on the part of the plaintiff, in his mode of approaching and managing the horses at the time when he received the kick. We cannot say that as a matter of law, upon the facts, the plaintiff was guilty of such contributory negligence. The charge of the court is not given in the case, and there being no exception to it, or to any refusal to charge upon request, it must be assumed that the facts were left to the jury with full explanations of the principles of law applicable thereto.

The evidence is that the injury to the plaintiff's arm was of a serious character, and is likely permanently to interfere with its use. We cannot say, on the evidence, that the damages are so excessive as to require the verdict to be set aside.

The order denying a new trial must be affirmed.

Order affirmed. (*a*)

[FOURTH DEPARTMENT, GENERAL TERM at Rochester, November, 1870. *Mullin, Johnson* and *Talcott,* Justices.]

(*a*) An appeal to the Court of Appeals was dismissed, for the reason that an appeal to that court from an order denying a motion for a new trial, made on the grounds above stated, does not lie. (See 50 *N. Y.,* 658.)