JAMES H. TALMAGE, Appellant, v. IRVIN B. MILLS, Respondent.

*Vicious bull — when the owner thereof is liable to a person attacked by the bull — proof that the bull once attacked the owner as evidence of knowledge on his part.*

A person who engages another to work a farm on shares and places in the latter's possession a bull, which he knows to be vicious, without cautioning him or advising him in relation thereto, is liable to the person working the farm on shares for injuries sustained by the latter in consequence of an attack made upon him by the bull.

Proof that the bull once made an attack upon the owner is sufficient evidence of the owner's knowledge of the vicious propensities of the bull.

APPEAL by the plaintiff, James H. Talmage, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 7th day of June, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Orange Trial Term.

*Edwin S. Merrill*, for the appellant.

*Daniel Finn*, for the respondent.

HOOKER, J. :

The plaintiff, working defendant's farm on shares, was attacked by a bull placed in his possession by the defendant when the farm and stock were turned over to him. The accident occurred four months after the plaintiff went into possession of the farm, and it appears from the evidence that the bull had never during that time

exhibited any ugly or vicious traits. This action was brought to recover for the personal injuries sustained by the plaintiff as a result of that attack. The complaint alleges that the bull was a vicious and dangerous animal, that the defendant knew and plaintiff was ignorant of these characteristics, and that the plaintiff was free from negligence.

At the close of plaintiff's case the defendant's motion for a non-suit was granted, and plaintiff excepted and appealed.

In *Keenan* v. *Gutta Percha Manufacturing Company* (46 Hun, 544) it was held that proof showing that a slut had bitten a boy eight or ten months previous to the time of the attack on which the action was based, was sufficient evidence of the vicious propensities of the animal. Here the plaintiff swore that after the injury he had a conversation with the defendant, upon the occasion of the sale of the bull, and that then the defendant told him that " he supposed he ought to have sold him before this because it attacked him one time — he (the defendant) had to get back out of his way." This proof, we think, meets the requirements of the rule. One exhibition of vicious or dangerous characteristics will suffice (*Keenan* v. *Gutta Percha Manufacturing Company, supra ; Loomis* v. *Terry*, 17 Wend. 496 ; *Smith* v. *Pelah*, 2 Strange, 1264) ; and the question of *scienter* cannot well be involved here, for the reason that the attack proved was upon the defendant himself.

The defendant urges very strongly that the relationship between himself and the plaintiff is not that of master and servant, and, therefore, he is not liable. It cannot be understood upon what theory the defendant believes he may escape liability if he was not the plaintiff's master ; those who harbor animals of vicious dispositions are liable, when *scienter* is shown, to the whole community, for attacks by such vicious animals, and it is within strict reason to hold that the rule should be applied with equal effect in a case where the defendant, knowing its characteristics, deliberately and without giving warning of the danger, places the vicious animal in the possession of another where it is contemplated that he will, in connection with that possession, be placed where he may be subject to attack. This rule was enunciated in *Campbell* v. *Page* (67 Barb. 113), where the court said, substantially adopting the language contained in Story on Bailments (§ 391a), " the letter of the horse in such a case

must inform the hirer of the vicious propensities of the animal, otherwise he will be liable for the damages which happen to the hirer, in consequence of the vicious propensities in the horse." Plaintiff alleged and proved that the defendant, knowing the viciousness of the bull, neglected to caution or advise him in relation thereto, and to dismiss his complaint was error.

The defendant asks us to hold that the plaintiff's proof shows him to have been guilty of negligence. We have examined the evidence upon this question, and think that under the proof it was for the jury's determination.

The judgment should be reversed and a new trial granted, costs to abide the event.

Bartlett, Woodward, Hirschberg and Jenks, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.