■ Natasha Diamond-Fisher et al., Respondents, v Pasqualine Greto, Appellant. Natasha Diamond-Fisher et al., Appellants, v Pasqualine Greto, Respondent. [714 NYS2d 296] —Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered March 29 and April 28, 2000, which denied the parties' respective motions for summary judgment, unanimously affirmed, without costs.

Evidence was presented that defendant, who, for pay, provided daycare services in her own home, allowed the 20-month-old infant plaintiff to reach for a bowl of dog food out of which a large Siberian Husky was eating, and did not take any steps to separate the child and the dog until after she realized that the child was bitten in the face. The injury required 104 sutures. There was no evidence tending to show that the dog had a vicious propensity, or had previously bitten another person. In this case, however, defendant's duty of care is not measured by the duty of care of a property owner to a social guest. Instead, here, where there is a small child involved in a babysitting context, there is a heightened duty to protect the small child from potential dangers (see, Zalak v Carroll, 15 NY2d 753; cf., Schwartz v Erpf Estate, 255 AD2d 35, lv dismissed 94 NY2d 796). Questions of fact exist as to whether defendant provided reasonable care in the circumstances (see, Basso v Miller, 40 NY2d 233, 241-242). Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.