■ CONOR LYDON, Appellant, v KATHERINE REVIASKA et al., Respondents. [726 NYS2d 723] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated May 16, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the plaintiff's cause of action to recover damages on the theory of strict liability in

tort for injuries inflicted by the defendants' dog, if not on the theory of negligence (see, *Goldberg v Aaron*, 272 AD2d 294; cf., *Luts v Weeks*, 268 AD2d 568). However, with regard to the strict liability theory, the plaintiff raised material issues of fact as to the existence of a vicious propensity on the part of the dog and the defendants' knowledge of that propensity (see, *Saboe v Splish Splash*, 272 AD2d 315; *Beck v Morse*, 271 AD2d 916, 917). The dog, a German Shepherd, had previously bitten one of its owners. One of the defendants acknowledged that the dog was not friendly to children. The defendant Mark Hager was even warned when he adopted the dog that it should be kept away from children under the age of 12. Indeed, on a prior visit by the plaintiff to the defendants' home, the dog was kept in a separate room, and after the incident one of the defendants said that the dog could not be trusted. Furthermore, it cannot be determined whether the German Shepherd bit the infant, or whether he simply collided with the 65-pound dog during a game of frisbee. Accordingly, the defendants' motion should have been denied. O'Brien, J. P., Krausman, Goldstein and Crane, JJ., concur.