■ CRYSTAL ROUPP, Individually and as Parent and Guardian of JAMES ROUPP, an Infant, Respondent, v CARL CONRAD et al., Appellants. [731 NYS2d 545] —Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 15, 2000 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action on behalf of her infant son, James, seeking to recover for injuries he sustained in a July 11, 1998 attack by defendants' 80-pound German Shepherd dog, "Bismark." The incident took place when James, who was then seven years old, went to defendants' home to play with defendants' children. James went up onto defendants' front porch and rang the bell. When one of defendants' children opened the front door, Bismark bounded out the door, pawed James on the chest and bit his arms, causing slight puncture wounds. Following joinder of issue and limited discovery, defendants moved for summary judgment dismissing the complaint upon the ground that the evidence failed to establish their actual or constructive knowledge of any vicious propensities on the part of the dog. Supreme Court denied the motion, and defendants appeal.

To establish a prima facie case for an injury caused by a domestic animal, a plaintiff must prove that the animal had vicious propensities and that the owner had knowledge of the same " 'or that [such vicious propensities] existed for such a period of time that a reasonably prudent person would have discovered them' " (*Tessiero v Conrad*, 186 AD2d 330, quoting *Appel v Charles Heinsohn, Inc.*, 91 AD2d 1029, 1030, *affd* 59 NY2d 741). In support of their summary judgment motion, defendants presented competent evidence that Bismark never bit or threatened to bite anyone prior to the incident in question nor had he exhibited any other aggressive or dangerous characteristics. In our view, evidence that Bismark would often jump on the fence in defendants' front yard and bark or growl at people walking by the house does not demonstrate vicious propensities (*see, Gill v Welch*, 136 AD2d 940 [dog was kept enclosed in a yard or chained and it strained on its chain and barked when people approached the premises]; *cf., Sorel v Iacobucci*, 221 AD2d 852, 853 [dog would sometimes lunge at its owners' fence or front door in the presence of strangers]).

We also reject plaintiff's argument that some degree of viciousness can be implied by virtue of the fact that Bismark is a purebred German Shepherd. While some dicta has suggested that the vicious propensities of certain animals are so well known as to almost permit the taking of judicial notice (*see, e.g., Carlisle v Cassasa*, 234 App Div 112, 115; *Machacado v City of New York*, 80 Misc 2d 889, 891; *Ford v Steindon*, 35 Misc 2d 339), there is no persuasive authority for the proposition that a court should take judicial notice of the ferocity of any particular type or breed of domestic animal (*see, Sorel v Iacobucci, supra*, at 853-854; *DeVaul v Carvigo, Inc.*, 138 AD2d

669, 670, *appeal dismissed* 72 NY2d 914, *lv denied* 72 NY2d 806; 1B NY PJI3d 1017 [2001]).

Defendants' prima facie showing that they had no knowledge of any vicious propensities on the part of the dog shifted the burden to plaintiff to come forward with competent evidence raising a material question of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's proffer of speculation and hearsay failed to fulfill that burden (*see, Massimo v Monfredo*, 272 AD2d 306; *Plue v Lent*, 146 AD2d 968, 969). We therefore conclude that Supreme Court erred in denying the motion.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.