■ SAMANTHA M. RUGG, Respondent, v JEAN BLACKBURN et al., Appellants. [739 NYS2d 764] —Crew III, J. Appeal from an order of the Supreme Court (Dowd, J.), entered November 6, 2000 in Chenango County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for personal injuries sustained when she was bitten by defendants' dog while visiting their home. Based upon evidence that the dog previously had not shown any vicious propensity and that they had no knowledge of any such vicious propensity, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, concluding that there were issues of fact regarding defendants' violation of the Town of North Norwich Dog Control Law (hereinafter the ordinance), which could be considered by a jury as some evidence of negligence. Defendants now appeal.

Inasmuch as plaintiff submitted no evidence to contradict

defendants' evidentiary proof in admissible form demonstrating that their dog had no vicious propensities, the only issue on this appeal is whether liability may be imposed upon the basis of the ordinance. In particular, plaintiff relies upon the provision of the ordinance that makes it "unlawful for any owner of a dog in the Town of North Norwich to permit or allow such dog to * * * [b]ite, chase, jump upon or otherwise harass any person in such manner as to cause intimidation or to put such a person in reasonable apprehension of bodily harm or injury." (Local Law No. 1 [1991] of Town of North Norwich § 4.1 [E].) At common law, the owner of a dog may be held liable for injuries sustained in an attack by the dog only when the injured party establishes that the animal had vicious propensities and that the owner knew or should have known of such propensities (*see, e.g.*, *McKee v J&J Otsego Props.*, 277 AD2d 787, 788, *lv denied* 96 NY2d 705; *Velazquez v Carns*, 244 AD2d 620). To the extent that the ordinance is claimed to have created a basis of dog-owner liability not recognized under common law, it must be presumed that the local legislative body "was aware of the common-law rule and abrogated it only to the extent indicated by the clear import of its enactment" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646).

Assuming that the ordinance was intended to apply within the confines of a dog owner's home, we see nothing in the clear import of its enactment to abrogate the common-law standard of care imposed on dog owners to prevent attacks by their dogs. Inasmuch as the ordinance cannot be read as creating a standard of care in dog-bite cases greater than that imposed by common law, defendants' proof that they did not violate their common-law duty necessarily establishes that they did not violate the ordinance.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.