■ ALEXIS HAGADORN-GARMELY, an Infant, by TAMMY HAGADORN, Her Mother and Guardian, et al., Appellants, v DOUGLAS JONES et al., Respondents. [744 NYS2d 538] —Cardona, P.J. Appeal from an order of the Supreme Court (Williams, J.), entered June 11, 2001 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Tammy Hagadorn (hereinafter plaintiff) commenced this action individually and on behalf of her daughter, plaintiff Alexis Hagadorn-Garmely (hereinafter the infant), to recover damages for personal injuries sustained by the then 2½-year-old infant on August 26, 1998 when she was bitten by defendants' Cocker Spaniel while visiting their home. At the time of the incident, the dog was chained to a tree behind defendants' house. Plaintiff was not aware that the infant had wandered outside until she heard the child's screams. Apparently, the dog bit the infant after she tried to "hug" him. Based upon evidence that the dog previously had not shown any vicious propensities and that they had no knowledge of any such propensities, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion prompting this appeal.

We affirm. "An owner is strictly liable for personal injuries caused by a domestic animal if the evidence establishes that the animal had vicious propensities and that the owner knew or should have known of this fact * * *" (*Calabro v Bennett*, 291 AD2d 616, 616 [citation omitted]; *see, Rugg v Blackburn*, 292 AD2d 736). Here, defendants met their initial burden on this motion (*see,* CPLR 3212 [b]) by submitting evidentiary proof in admissible form demonstrating that their dog did not have vicious propensities inasmuch as, inter alia, they never received any complaints as to its behavior, nor did the animal ever bite anyone or threaten to do so (*see, Roupp v Conrad*, 287 AD2d 937, 938). Evidence that this dog, who was always chained, would sometimes growl at children as they approached him does not raise a question of fact as to the dog's alleged vicious tendencies (*see, id.; Velazquez v Carns*, 244 AD2d 620; *Gill v Welch*, 136 AD2d 940). Nor was it dispositive that small children were not permitted to approach the dog unless accompanied by an adult (*see, Velazquez v Carns, supra*). Notably, plaintiff admitted in her deposition testimony that the dog had never barked, snapped or lunged at her children. Since plaintiffs' speculative evidence as to the dog's temperament was insufficient to raise a triable issue of fact, Supreme Court's grant of summary judgment to defendants was warranted under the circumstances (*see, Roupp v Conrad, supra* at 939).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.