■ KALLIOPE FONTANAS, Appellant, v CHARLES WILSON et al., Respondents. [751 NYS2d 656] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered August 16, 2001 in Broome County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this action seeking to recover for injuries sustained in April 1999 when Dante, a Rottweiler owned by defendants, bit or otherwise struck plaintiff in the face as she reached out to pet him. Following joinder of issue and discovery, a jury trial ensued, during the course of which plaintiff moved for a directed verdict. Supreme Court denied that motion, as well as plaintiff's motion to set aside the verdict ultimately rendered in favor of defendants, prompting this appeal.

We affirm. Initially, we reject plaintiff's contention that Supreme Court erred in denying her motion for a directed verdict. A motion for a directed verdict is appropriate only "where, based on the evidence presented, there is no rational process by which a jury could find for the nonmoving party" (*Clemente v Impastato*, 274 AD2d 771, 773; *see Cross v Finch Pruyn & Co.*, 281 AD2d 836).

Here, the testimony at trial established that Dante barked at a passerby while out for a walk with defendant Charles

Wilson, barked at a group of children who approached him in defendants' driveway and, on occasion, barked or growled when people came to defendants' door. Testimony also was elicited regarding an incident that occurred in December 1998 when Dante, who was out for a walk with defendant Renee Barkwell, jumped up on the back of the local newspaper carrier. Although the carrier's coat was torn, he was not injured, and Barkwell testified that Dante did not bark or growl during this encounter. Defendants testified that they had not received any prior complaints regarding the dog, nor were they aware, prior to the incident involving plaintiff, of any occasion when the dog had bitten someone. Finally, although Dante apparently received training at what plaintiff characterized as an "attack school," Wilson testified that the dog completed only the obedience phase of the course and did not progress to bite training.

It is well settled that "a plaintiff may not recover for injuries sustained in an attack by a dog without establishing that the animal had vicious propensities and that defendant knew or should have known of such propensities" (*McKee v J&J Otsego Props.*, 277 AD2d 787, 788, *lv denied* 96 NY2d 705; *see Calabro v Bennett*, 291 AD2d 616). Plaintiff failed to meet that burden here. The foregoing proof establishes nothing more than the fact that defendants own a large dog who barks or growls when strangers approach his owners or his property. Such conduct is insufficient to establish vicious propensities (*see Hagadorn-Garmely v Jones*, 295 AD2d 801; *Roupp v Conrad*, 287 AD2d 937, 938). The incident with the newspaper carrier hardly can be characterized as a vicious attack, and the record reflects that plaintiff had not encountered any problems with the dog on a previous trip to defendants' residence. Indeed, on the day of the incident, Dante was sitting calmly at Wilson's side prior to plaintiff attempting the physical contact that preceded her injury. In short, there simply is nothing in the record to establish that Dante indeed possessed vicious propensities and that defendants knew or should have known of such. That said, it necessarily follows that plaintiff failed to establish either her entitlement to a directed verdict or that the jury's verdict was against the weight of the evidence. Plaintiff's remaining arguments, including her assertion that Supreme Court erred in failing to set aside the jury's verdict, have been examined and found to be lacking in merit.

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.