■ Florence A. Shaw, Appellant, v Judith Burgess et al., Respondents. [756 NYS2d 362] —Mercure, J.P. Appeal from an

order of the Supreme Court (Ferradino, J.), entered December 4, 2001 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

After making an appointment with a realtor, plaintiff, her mother and her stepfather visited defendant's Saratoga Lake property, which was for sale. Plaintiff alleges that as she approached the house, two barking, unleashed dogs—Yasha She-She, an Australian Terrier owned by defendant Judith Burgess, and JJ, a Husky-German Shepherd mix owned by defendant Jenny Mikenzi—ran toward her. Plaintiff contends that JJ jumped on her, scratching her legs before Burgess ordered the dogs away. Burgess then invited everyone inside.

While Burgess spoke with plaintiff's mother and stepfather, plaintiff walked out the back door to see the rear of the property. When she stepped onto the deck, plaintiff was confronted by the barking of a third, tethered dog. She ran off the deck to the side of the house, where JJ and Yasha She-She, both barking wildly, came toward her. Plaintiff raised her right arm and JJ allegedly lunged, biting plaintiff's arm and leg. Plaintiff also claims that Yasha She-She bit her on the shin. When Burgess heard the screaming, she ran to assist plaintiff and restrain the dogs. Plaintiff lost her balance and twisted her ankle; she was thereafter taken to the hospital for treatment of her injuries. Plaintiff commenced this personal injury action, asserting causes of action in strict liability and negligence against Burgess and Mikenzi. Supreme Court granted defendants' subsequent motion for summary judgment. Plaintiff appeals.

To establish a prima facie case for injuries caused by a domestic animal, a plaintiff must demonstrate both that the animal had vicious propensities and that "the owner knew of such propensities 'or that they existed for such a period of time that a reasonably prudent person would have discovered them'" (*Tessiero v Conrad*, 186 AD2d 330, 330 [1992], quoting *Appel v Charles Heinsohn, Inc.*, 91 AD2d 1029, 1030 [1983], *affd* 59 NY2d 741 [1983]; *see Roupp v Conrad*, 287 AD2d 937, 938 [2001]). Here, defendants submitted evidence that their dogs never bit, scratched or jumped on anyone prior to this incident and that the dogs were friendly, gentle animals. In our view, testimony that JJ barked at a child who stepped on the dog's arthritic back and that Yasha She-She once chased a girl on her bicycle does not raise an issue of fact regarding the dogs' aggressive or dangerous propensities (*see Fontanas v Wilson*, 300 AD2d 808, 808-809 [2002]; *Hyde v Clute*, 235 AD2d 909, 910 [1997]; *Tessiero v Conrad, supra* at 330). Contrary to

plaintiff's contention, the mere existence of a "Beware of Dog" sign placed on the property to deter intruders is insufficient to preclude summary judgment in the absence of further corroborative evidence of vicious propensities (*see Lugo v Angle of Green*, 268 AD2d 567, 567 [2000]; *Arcara v Whytas*, 219 AD2d 871, 872 [1995]). Accordingly, Supreme Court properly concluded that plaintiff failed to raise a material question of fact regarding the dogs' vicious propensities.

In addition, we reject plaintiff's argument that regardless of whether the dogs had vicious propensities, she may maintain a negligence claim based on defendants' failure to restrain their dogs after a realtor "warned" them to do so.* Although the First and Second Departments permit recovery on broader theories of negligence involving enhanced duties on the part of property owners (*see e.g. Goldberg v LoRusso*, 288 AD2d 257, 259 [2d Dept 2001]; *Colarusso v Dunne*, 286 AD2d 37, 39 [2d Dept 2001]; *St. Germain v Dutchess County Agric. Socy.*, 274 AD2d 146, 150 [2d Dept 2000]; *Schwartz v Erpf Estate*, 255 AD2d 35, 38-40 [1st Dept 1999], *lv dismissed* 94 NY2d 796 [1999]; Kelner and Kelner, *When "Man's Best Friend" Becomes "Vicious,"* NYLJ, Feb. 26, 2002, at 3, col 1), this Court has consistently held that absent a showing of vicious propensities, a plaintiff may not recover for injuries sustained in an attack by a dog (*see Roupp v Conrad, supra* at 938; *McKee v J&J Otsego Props.*, 277 AD2d 787, 788 [2000], *lv denied* 96 NY2d 705 [2001]; *see also Plennert v Abel*, 269 AD2d 796, 796 [4th Dept 2000] [holding that liability must be predicated on vicious propensities and may not be shown by proof of negligence in the manner of keeping an animal]). While we have recognized potential exceptions to that rule under certain limited circumstances (*see Rugg v Blackburn*, 292 AD2d 736, 736-737 [2002], *lv denied* 98 NY2d 614 [2002]; *McKee v J&J Otsego Props.*, *supra* at 788-789; *but see Sorel v Iacobucci*, 221 AD2d 852, 854 [1995]), we have never recognized that a warning from a realtor may give rise to an enhanced duty on the part of a property owner to restrain a dog not known to have vicious propensities. Moreover, assuming, without deciding, that this Court were to recognize such a duty, the realtors' brochure and conclusory statement that defendants should tether their dogs when showing the property were not sufficient to give rise to a duty here. In sum, the complaint was properly dismissed in its entirety.

---

* In order to make the property more saleable, defendants' realtor provided them with written instruction to "try to keep children and pets out from under foot during the inspection." The realtor additionally suggested to defendants that their dogs should be tethered when the property was shown.

Mugglin, Lahtinen and Kane, JJ., concur.

Peters, J. (concurring in part and dissenting in part). While I concur in the majority's position that plaintiff failed to demonstrate both that the animals had vicious propensities and that "the owner knew of such propensities 'or that they existed for such a period of time that a reasonably prudent person would have discovered them'" (*Tessiero v Conrad*, 186 AD2d 330, 330 [1992], quoting *Appel v Charles Heinsohn, Inc.*, 91 AD2d 1029, 1030 [1983], *affd* 59 NY2d 741 [1983]), I believe that, under the particular fact pattern here presented, the negligence cause of action must be reinstated* (*see Marcial v Maldonado*, 288 AD2d 357, 358 [2001]; *Goldberg v LoRusso*, 288 AD2d 257, 259 [2001]; *Lydon v Reviaska*, 284 AD2d 508, 509 [2001]; *Silva v Micelli*, 178 AD2d 521, 522 [1991]; *see generally McKee v J&J Otsego Props.*, 277 AD2d 787, 788 [2000], *lv denied* 96 NY2d 705 [2001]).

Having been advised *both* orally and in writing by their realtor that the dogs should be tethered each time that their home was shown to a potential buyer, I believe that defendants had a duty to keep the premises in a reasonably safe condition for those potential buyers whose presence thereupon—solely upon appointment—was reasonably foreseeable (*see Goldberg v LoRusso, supra* at 259; *St. Germain v Dutchess County Agric. Socy.*, 274 AD2d 146, 150 [2000]; *Schwartz v Erpf Estate*, 255 AD2d 35, 39 [1999], *lv dismissed* 94 NY2d 796 [1999]). Therefore, I believe that a question of fact remains as to whether defendants' failure to properly restrain their dogs after due warning was a breach of that duty (*see Goldberg v LoRusso, supra* at 259).

Ordered that the order is affirmed, with costs.

---

* Defendants failed to even address such cause of action in their motion for summary judgment.