■ CINDY BLACKSTONE, Individually and as Parent and Guardian of DANIELLE BLACKSTONE, an Infant, Respondent, v JOHN HAYWARD et al., Appellants. [757 NYS2d 160] —Peters, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered April 18, 2002 in Washington County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action individually and on behalf of her then seven-year-old daughter who was bitten in the face by defendants' 130-pound Great Dane. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint or, alternatively, for a bifurcated trial. Supreme Court denied defendants' motion, prompting this appeal.

We reverse. An owner of a dog may be held strictly liable for personal injuries resulting from a dog bite only if the owner knew or should have known that the dog had vicious propensities (see Shaw v Burgess, 303 AD2d 857, 858 [2003]; Hagadorn-Garmely v Jones, 295 AD2d 801, 801 [2002]; Calabro v Bennett, 291 AD2d 616, 616 [2002]; Roupp v Conrad, 287 AD2d 937, 938 [2001]; McKee v J&J Otsego Props., 277 AD2d 787, 788 [2000], lv denied 96 NY2d 705 [2001]). In support of the motion, defendants met their prima facie burden by presenting competent evidence that they had owned the 10-year-old dog since he was four weeks old and that the dog had neither bitten or growled at anyone before this incident, nor displayed a vicious or aggressive nature.

With the burden shifted to plaintiff to raise a triable issue of fact (see Hagadorn-Garmely v Jones, supra at 801), there was a proffer that the dog chased bicyclists and vehicles, barked at strangers and fought with another dog. We find such incidents insufficient to elevate typical territorial behavior into a vicious propensity (see id. at 801; Roupp v Conrad, supra at 938; Velazquez v Carns, 244 AD2d 620, 621 [1997]; compare Calabro v Bennett, supra at 616-617). Moreover, we fail to find that the entry of the word "nasty" in the dog's veterinary record, a record which we note was not in admissible form (see Velazquez v Carns, supra at 621), to be sufficient, by itself, to raise an issue

as to the dog's temperament—a temperament which cannot be shown to have ever been communicated to defendants (*see id.*). With nothing further presented to overcome defendants' prima facie showing, we find that Supreme Court erred in its denial of the motion for summary judgment.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.