OPINION OF THE COURT
Per Curiam.
Order entered August 13, 2003 reversed, with $10 costs, motion granted and complaint dismissed. The clerk is directed to enter judgment accordingly.
Plaintiff sues to recover for injuries allegedly sustained when he was bitten on the finger by the defendant’s dog. The incident occurred when plaintiff paused in front of the defendant’s Bronx residence and placed his hand atop a three-foot-high, chain-link fence which surrounded the property and behind which the dog was kept “loose.”
Summary dismissal of the complaint was warranted in the absence of any showing that defendant knew or should have known that the dog had vicious propensities (see Collier v Zambito, 1 NY3d 444 [2004]). Defendant established through uncontroverted deposition testimony that his dog, a 12-year-old purebred “Husky,” had never before bitten anyone and that it had never growled or bared its teeth when someone approached or otherwise engaged in threatening or menacing behavior. In opposition, plaintiff cited only “the severity of the attack itself’ as putative evidence of the dog’s vicious propensities, a premise which the motion court did not directly address and which we flatly reject (see Sers v Manasia, 280 AD2d 539, 540 [2001]). It suffices to say that the dog bit plaintiff once on the finger and then backed away, and that the attack, though unfortunate, was no more severe or brutal in nature than those underlying any number of dog bite cases dismissed under the vicious propensity rule (see e.g. Collier v Zambito, 1 NY3d 444 [2004], supra [dog, unprovoked, lunged and bit infant plaintiff’s face]; Carter v Metro N. Assoc., 255 AD2d 251, 253 [1998] [pit bull, unprovoked, *39 leaped onto elderly plaintiff’s body, biting her left cheek and cutting her left side]). Contrary to the view expressed by the motion court, evidence indicating that the dog “had been allowed to chase chickens in the yard on prior times” was insufficient, either by itself or together with any other evidence presented, to raise a triable issue as to the dog’s temperament (see Blackstone v Hayward, 304 AD2d 941 [2003] [evidence, inter alia, that dog chased bicyclists and vehicles and barked at strangers held “insufficient to elevate typical territorial behavior into a vicious propensity”]).
Nor does plaintiff stand on firmer legal footing with respect to the portion of his complaint sounding in common-law negligence. Plaintiffs negligence theory is premised on the allegation that defendant “negligently placed, and/or permitted to be placed, large cinder blocks next to [and inside] the fence surrounding [his] front yard,” conduct which allegedly “permitted the . . . dog to reach the top of the fence and attack the plaintiff” and which effectively “masked” the “danger” posed by the dog.
Granted, “in certain limited circumstances, claims of injury caused by animals may be based upon a theory of negligence rather than upon the strict liability resulting from the vicious propensity rule” (Schwartz v Erpf Estate, 255 AD2d 35, 38 [1999], lv dismissed 94 NY2d 796 [1999]). Such a negligence cause of action, however, “may not be based merely upon the failure to prevent the complained-of misbehavior by the animal,” but rather must be based on the breach of some distinct, enhanced duty required by the particular circumstances (Schwartz, 255 AD2d at 38; see Williams v City of New York, 306 AD2d 203, 205 [2003]). Plaintiff herein has failed to allege factual circumstances sufficient to warrant the imposition of a heightened duty of care upon defendant in confining his dog which, as shown, had not previously displayed any vicious or violent proclivity. There is simply no basis in the record to support a finding that defendant knew or should have known that the platform created by the cinder blocks would give rise to a foreseeable risk that the previously well-behaved and “respectful” dog would bite or otherwise pose a danger to any passersby. “The dog in this case had exhibited no vicious tendencies in the past and there was no evidence that the dog posed any risk to pedestrians on the sidewalk, by vicious behavior or otherwise.” (Williams v City of New York, 306 AD2d at 207.)
Suarez, PJ., McCooe and Davis, JJ., concur.