■ KATHERINE R. MINDEL, an Infant, by Her Parent, MARK W. MINDEL, et al., Appellants, v RICHARD D. JONES et al., Respondents. [791 NYS2d 692]—

Spain, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered January 12, 2004 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

In August 2001, plaintiff Katherine R. Mindel sustained injuries when she was attacked and bitten without warning by defendants' dog while she was feeding it at defendants' residence, following instructions provided by defendants, who had asked her to care for the dog while they were away. Plaintiffs thereafter commenced this action. Defendants' subsequent motion for summary judgment dismissing the complaint was granted by Supreme Court, prompting this appeal. We affirm.

"The long-standing and recently reaffirmed law in this state provides that, in the absence of actual or constructive knowledge of a dog's vicious propensities, a dog's owner is not liable

when it bites someone" (*Czarnecki v Welch*, 13 AD3d 952, 953 [2004], citing *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Palleschi v Granger*, 13 AD3d 871 [2004]; *Morse v Colombo*, 8 AD3d 808, 808 [2004]; *Shaw v Burgess*, 303 AD2d 857, 858 [2003]; *Rugg v Blackburn*, 292 AD2d 736, 737 [2002], *lv denied* 98 NY2d 614 [2002]). Here plaintiffs concede that they have not made such a showing. Rather, they urge this Court to reinstate the complaint on the ground that recovery may be had under a novel theory of common-law negligence, premised upon defendants' negligence in establishing a care plan for the dog in their absence which represented a "sudden and unprecedented change in the dog's living conditions," and care by a stranger.

Notwithstanding precedent from other Departments suggesting that recovery may be had on broader theories of negligence for dog attacks (*see e.g. Jennings v Nespolino*, 6 AD3d 582, 582-583 [2d Dept 2004]; *Noreika v Casciola*, 5 AD3d 571, 572 [2d Dept 2004]; *see also Williams v City of New York*, 306 AD2d 203, 205-206 [1st Dept 2003]), we discern no basis in these facts for the recognition of an enhanced duty on dog owners who make arrangements, in their absence, for the care of a dog not known to have vicious propensities (*see Shaw v Burgess, supra* at 859 ; *see also Bard v Jahnke*, 16 AD3d 896 [2005]; *Williams v City of New York, supra* at 205-207; *cf. Strunk v Zoltanski*, 62 NY2d 572 [1984]; *McKee v J & J Otsego Props.*, 277 AD2d 787, 788-789 [2000], *lv denied* 96 NY2d 705 [2001]). Thus, in the absence of any potential exception, we adhere to the long-standing general, common-law requirement that a dog's vicious propensities must be demonstrated in order to establish a prima facie case under any theory of liability for injuries inflicted thereby (*see Collier v Zambito, supra* at 446; *Dickson v McCoy*, 39 NY 400, 403 [1868]; *Palleschi v Granger, supra*; *Czarnecki v Welch, supra*; *White v Tucci*, 5 AD3d 1018 [2004]; *Shaw v Burgess, supra* at 859; *Roupp v Conrad*, 287 AD2d 937, 938 [2001]; Restatement [Second] of Torts § 509, Comment *f*).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.