■ LARRY BARD et al., Appellants, v REINHARDT JAHNKE, Individually and Doing Business as HEMLOCK VALLEY FARMS, et al., Respondents. [791 NYS2d 694]—

Carpinello, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 26, 2003 in Otsego County, which granted defendants' cross motions for summary judgment dismissing the complaint.

In September 2001, defendant Reinhardt Jahnke owned a dairy farm in Otsego County on which defendant John Timer, a self-employed carpenter, had been performing various jobs for some years. On September 26, 2001, plaintiff Larry Bard (hereinafter plaintiff), also a self-employed carpenter, agreed to do

some subcontract work for Timer on the farm. While working inside the main dairy barn, plaintiff was pinned against a stall by a bull that had been permitted to roam the barn unrestrained so as to impregnate cows. Plaintiff and his wife, derivatively, commenced this action, sounding in strict liability and negligence, to recover for his injuries. At issue is an order of Supreme Court granting summary judgment in favor of defendants dismissing the complaint. Case law compels an affirmance.

The subject bull is a domestic animal (*see* Agriculture and Markets Law § 108 [7]; *see also Talmage v Mills*, 80 App Div 382 [1903]; *Vrooman v Lawyer*, 13 Johns 339 [1816]) and thus Jahnke, as its owner, will not be strictly liable for plaintiff's injuries unless he knew or should have known of its vicious or violent propensities (*see e.g. Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Wardrop v Koerner*, 208 AD2d 1147, 1148 [1994]; *see also Talmage v Mills, supra; Vrooman v Lawyer, supra*). The record contains no such evidence. To the contrary, it contains competent evidence establishing that, prior to plaintiff's accident, the subject bull had never injured another person or animal or behaved in a hostile or threatening manner (*see Blackstone v Hayward*, 304 AD2d 941 [2003], *lv denied* 100 NY2d 511 [2003]; *Vrooman v Lawyer, supra; cf. Talmage v Mills, supra*).[1]

This evidence was countered only with an affidavit of a professor of animal science who essentially established that bulls, in particular breeding bulls, are generally dangerous and vicious animals. For example, the professor opined that dairy bulls are powerful animals which "should always be considered dangerous and handled as such," that breeding bulls in particular "should be considered hostile and vicious" and that Jahnke should have known that the bull which attacked plaintiff was a dangerous animal prone to viciousness such that the bull should have been restrained or plaintiff warned of his presence on the farm. We find this affidavit insufficient to raise a question of fact.

As this Court has consistently, and recently, reiterated, the particular type or breed of domestic animal "alone is insufficient to raise a question of fact as to vicious propensities" (*Palleschi v Granger*, 13 AD3d 871, 872 [2004]; *see Mulhern v Chai Mgt.*, 309 AD2d 995, 996 [2003], *lv denied* 1 NY3d 508 [2004]; *Wilson v Whiteman*, 237 AD2d 814 [1997]). In other words, "there is no persuasive authority for the proposition

---

**1.** In fact, Jahnke averred that during the course of his farming career, which spanned most of his 64 years, he was unaware of any bull on any farm that he had worked on or owned having injured another animal or person.

that a court should take judicial notice of the ferocity of any particular type or breed of domestic animal" (*Roupp v Conrad*, 287 AD2d 937, 938 [2001]; *see DeVaul v Carvigo, Inc.*, 138 AD2d 669, 670 [1988], *appeal dismissed* 72 NY2d 914 [1988], *lv denied* 72 NY2d 806 [1988]; *cf. Gaccione v State of New York*, 173 Misc 367 [1940]). Thus here, the professor's affidavit attesting to the alleged viciousness of breeding bulls in general was insufficient to raise a question of fact (*see Palleschi v Granger, supra*; *Wilson v Whiteman, supra*). Accordingly, summary judgment was properly granted to defendants.[2]

As a final matter, with respect to the negligence claim, we have considered and decline to adopt the enhanced duty rule espoused under certain limited circumstances by the First and Second Departments (*see Shaw v Burgess*, 303 AD2d 857, 859 [2003]; *see e.g. Colarusso v Dunne*, 286 AD2d 37 [2d Dept 2001]; *Diamond-Fisher v Greto*, 276 AD2d 413 [1st Dept 2000]; *St. Germain v Dutchess County Agric. Socy.*, 274 AD2d 146 [2d Dept 2000]; *Schwartz v Erpf Estate*, 255 AD2d 35 [1st Dept 1999], *lv dismissed* 94 NY2d 796 [1999]).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

2. In particular, summary judgment was properly granted in favor of Timer, who neither owned or controlled the subject bull nor even knew of its presence in the dairy barn.