■ TODD BROOKS, an Infant, by STEVEN BROOKS, His Father and Guardian, et al., Respondents, v SHEILA PARSHALL et al., Appellants. [806 NYS2d 796]—

Kane, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered March 3, 2005 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendants own a German Shepard dog named Caesar. Plaintiff Todd Brooks, then seven years old, and plaintiff Steven Brooks, his father, attended a gathering at defendants' home. According to Todd, the dog growled at him when they first arrived, but was friendly after that. Plaintiffs allege that the dog continually growled at one particular male guest that evening and bared his teeth at the man. According to plaintiffs, defendant William Parshall (hereinafter defendant) kept removing the dog from the living room because of this growling, and all of the guests commented regarding the dog's growling at the one man. Defendant denied hearing the dog growl, seeing the dog bare its teeth or hearing anyone talk about the dog growling. Todd played with the dog both before the party and the following morning without any fear or incident. The morning after the party, as plaintiffs were preparing to leave, Todd approached the dog from behind with his arms outstretched in an attempt to hug the dog goodbye. As Todd made contact with the dog it turned, lunged at him and bit him on the face, causing injuries which led to this lawsuit. Supreme Court denied defendants' motion for summary judgment, prompting them to appeal.

Because plaintiffs failed to show that Caesar had vicious propensities, we reverse. "Dog owners are strictly liable for personal injuries resulting from a dog bite if the owner knew or should have known that the animal had vicious propensities" (*Morse v Colombo*, 8 AD3d 808, 808 [2004] [citations omitted]). A prior bite is not necessary to prove vicious propensities; evi-

dence that the dog "had been known to growl, snap or bare its teeth" might be enough to raise a question of fact, depending on the circumstances (*see Collier v Zambito*, 1 NY3d 444, 447 [2004]). While proof that an owner restrained the dog and the manner of restraint may be relevant (*see id.* at 447), the evidence here showed that the dog generally had free reign of the house, even when guests were present. Although defendant removed the dog from the living room to the hallway during the party, the dog was never confined in such a way as to prevent it from reentering the living room, and in fact the dog did so a number of times.

Defendants met their initial burden of establishing lack of knowledge of vicious propensities (*see Rogers v Travis*, 229 AD2d 879, 879 [1996]). Their deposition testimony established that, to their knowledge, Caesar had never bitten, snapped at, threatened, chased, lunged at or bared its teeth at anyone (*compare Hagadorn-Garmely v Jones*, 295 AD2d 801, 801 [2002]). The dog regularly interacted with children, guests and other pets without incident, and no one complained about the dog or its behavior prior to the bite at issue. To counteract this showing, plaintiffs submitted their deposition testimony that Caesar growled at Todd when they first met, and growled and bared its teeth at one particular man during the party. This showing was insufficient to raise a triable question of fact regarding Caesar's vicious propensities (*cf. Blackstone v Hayward*, 304 AD2d 941, 941 [2003], *lv denied* 100 NY2d 511 [2003]). The growl at Todd cannot be considered knowledge of viciousness, considering that it lasted only the first minute or two after plaintiffs' arrival, Todd played with the dog the remainder of that day and the next morning, and his father and defendant had no concerns about Todd playing with the dog (*compare Hagadorn-Garmely v Jones, supra* at 801). Even accepting that the dog growled and bared its teeth at one guest at the party, as we must view the evidence in a light most favorable to plaintiffs, this single minor situation was not enough to show that Caesar had vicious propensities, let alone that defendants should have known of such propensities (*compare Fontanas v Wilson*, 300 AD2d 808, 809 [2002]; *Roupp v Conrad*, 287 AD2d 937, 938 [2001]; *Rogers v Travis*, 229 AD2d 879, 880 [1996] [dog's prior nipping at the defendants' granddaughter a minor event insufficient to establish notice of vicious propensities]). Accordingly, defendants were entitled to summary judgment dismissing the complaint.

Mercure, J.P., Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.