■ Raymond Rose, Jr., Respondent-Appellant, v Alan Heaton et al., Appellants-Respondents. [833 NYS2d 291]—

---

Carpinello, J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered January 19, 2006 in Saratoga County, which partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff's parents and defendants are backyard neighbors. Defendants' backyard is enclosed with a perimeter fence to permit their three dogs to run free while outside. In July 2000, plaintiff, then 12 years old, was cutting through another neighbor's yard via this fence line when one of the dogs jumped up and bit him, causing severe injury to his ear. Following discovery in this action for recovery for plaintiff's injury, defendants moved for summary judgment on the ground that plaintiff cannot establish that the dog had known vicious propensities. Supreme Court found that plaintiff had failed to rebut defendants' prima facie showing on this issue and dismissed that aspect of his complaint based upon strict liability. The court found, however, that a claimed violation of a local ordinance nevertheless preserved the action. These cross appeals ensued.

Defendants' motion for summary judgment should have been granted in its entirety. They made a prima facie showing of their entitlement to judgment as a matter of law by establishing their lack of knowledge of any vicious propensities on the part of the dog (*see Collier v Zambito*, 1 NY3d 444, 447-448 [2004]). To this end, we reiterate that "[v]icious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (*Bard v Jahnke*, 6 NY3d 592, 596-597 [2006] [internal quotation marks and citation omitted]). Here, defendants established that prior to this incident, the dog had never bitten, scratched, jumped on or fought with any person or animal (*see Brooks v Parshall*, 25 AD3d 853, 854 [2006]; *Hagadorn-Garmely v Jones*, 295 AD2d 801 [2002]). Nor had anyone ever complained about the dog's behavior (*see id.*). They further established that plaintiff himself had been around this dog on numerous occasions in the past without incident.

Plaintiff thereafter failed to come forward with evidence sufficient to raise a triable issue of fact. Only two incidents are cited by him as evidence that the dog displayed vicious propensi-

ties. On one occasion a year before the subject incident, all three of defendants' dogs rushed toward the fence as plaintiff's father approached it to speak with defendant Alan Heaton. The subject dog, according to plaintiff's father, was leading the pack and was barking and growling. Upon being told to "back off" by Heaton, all three dogs immediately complied, including the subject dog. The two neighbors' chat proceeded without mention of the dogs and without incident. The dog's behavior during this incident simply does not rise to the level of raising an issue of fact regarding his vicious propensities (*see Brooks v Parshall, supra*; *Blackstone v Hayward*, 304 AD2d 941 [2003], *lv denied* 100 NY2d 511 [2003]; *Hagadorn-Garmely v Jones, supra*; *Roupp v Conrad*, 287 AD2d 937, 938 [2001]).

Plaintiff also argues that defendant Pamela Heaton "admitted that the same dog had, on at least one prior occasion, chased another person in circumstances where [she] had to call the dog to stop." A review of her testimony concerning this incident, however, is telling. Pamela Heaton specifically testified that she and her husband "let the neighborhood kids play with the dogs, and the [subject] dog was chasing [a particular neighborhood girl] . . . [the girl] was yelling, and I couldn't tell if she was having fun or not, and so I called the dog off, *but then she told me it's okay, they were playing some sort of chase game*" (emphasis added). Thus, this incident, even viewed in a light most favorable to plaintiff, demonstrates nothing more than playful behavior by the dog and such behavior does not, whether viewed separately or even together with the other incident, rise to the level of raising an issue of fact regarding vicious propensities (*see Brooks v Parshall, supra*; *Blackstone v Hayward, supra*; *Shaw v Burgess*, 303 AD2d 857, 858 [2003]).

Finally, the Court of Appeals has quite clearly held that "when harm is caused by a domestic animal, its owner's liability is determined *solely* by application of the rule articulated in *Collier* [*v Zambito (supra)*]" (*Bard v Jahnke, supra* at 599 [emphasis added]). In other words, as noted by this Court, "cases involving injuries inflicted by domestic animals may *only* proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence" (*Morse v Colombo*, 31 AD3d 916, 917 [2006] [emphasis added]; *see Mindel v Jones*, 16 AD3d 857, 858 [2005], *lv denied* 5 NY3d 705 [2005]). This being the case, plaintiff's claim that a showing of a violation of a municipal ordinance provides an independent basis for its negligence action is

rejected and Supreme Court thus erred in permitting the action to proceed on this basis.*

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment awarded to defendants and complaint dismissed.

---

* To the extent that this Court has previously permitted a negligence cause of action to proceed premised on an alleged violation of an ordinance (see Clo v McDermott, 239 AD2d 4 [1998]; see generally Rugg v Blackburn, 292 AD2d 736, 737 [2002], lv denied 98 NY2d 614 [2002]; McKee v J&J Otsego Props., 277 AD2d 787, 788 [2000], lv denied 96 NY2d 705 [2001]), this line of cases has been implicitly overruled.