■ CRYSTA DYKEMAN et al., Respondents, v RAYMOND HEHT, Appellant. [861 NYS2d 732]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated June 4, 2007, as denied that branch of his motion which was for summary judgment dismissing the cause of action sounding in strict liability.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On the evening of December 31, 2004 the then three-year-old infant plaintiff Crysta Dykeman, along with her parents and her older brother Thomas, arrived as invited guests at the defendant's home. The occasion marked the family's second visit to the defendant's home. According to the deposition testimony of Crysta's parents, upon their family's arrival for both visits, the defendant's dog barked, snarled, growled, and bared its teeth at them, but on each occasion the dog then complied with the defendant's order to lie down. Upon entering the home for the second visit, Crysta's mother told Crysta not to go near the dog. In his deposition testimony, the defendant denied that his dog had ever growled, snarled, or bared its teeth at Crysta or her family. Also according to the defendant's deposition testimony, prior to this incident, in the eight years he had owned the dog, it had never bitten anyone. It is undisputed that at no point during the two visits did the defendant restrain or muzzle the dog, nor did he supervise the dog in Crysta's presence.

The first visit proceeded without incident. However, approximately 30 to 45 minutes after Crysta's arrival for the second visit, while no one was directly supervising either Crysta or the dog, and with no evidence that Crysta provoked the dog, the dog bit Crysta in the face, which allegedly resulted in injuries including, inter alia, a severed left lower eyelid and lower left tear duct, and a lacerated upper and lower left lip. Crysta's injuries required surgical repair, and after initially being transported by ambulance to Vassar Brothers Hospital, she was ultimately treated at the New York Eye and Ear Infirmary.

Crysta, with her mother suing derivatively, commenced this action to recover damages for her personal injuries, asserting,

among other things, a cause of action sounding in strict liability. After joinder of issue and completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the cause of action sounding in strict liability, which the Supreme Court denied.

Preliminarily, the drastic remedy of summary judgment should be granted only if there are no material issues of fact (*see Andre v Pomeroy*, 35 NY2d 361, 364 [1974]; *Akseizer v Kramer*, 265 AD2d 356 [1999]). On a motion for summary judgment, the function of the court is not to determine issues of fact or credibility, but merely to determine the existence of such issues (*see Tunison v D.J. Stapleton, Inc.*, 43 AD3d 910 [2007]; *Kolivas v Kirchoff*, 14 AD3d 493 [2005]; *Scott v Long Is. Power Auth.*, 294 AD2d 348 [2002]). Moreover, since summary judgment is the procedural equivalent of a trial, it must be denied if any doubt exists as to a triable issue or where a material issue of fact is arguable (*see Celardo v Bell*, 222 AD2d 547, 548 [1995]). Further, in deciding such a motion, the facts alleged by the nonmovant and inferences that may be drawn therefrom must be accepted as true (*see Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2004]; *Mosheyev v Pilevsky*, 283 AD2d 469 [2001]).

Where a pet owner knows or should have known of his or her pet's vicious propensities, he or she is strictly liable "for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 448 [2004]; *see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787 [2008]; *Bard v Jahnke*, 6 NY3d 592 [2006]). In the absence of proof that the pet had bitten someone on a prior occasion, knowledge of vicious propensities may be raised "by evidence that it had been known to growl, snap or bare its teeth" (*Collier v Zambito*, 1 NY3d at 447).

The defendant established, prima facie, his entitlement to judgment as a matter of law dismissing the cause of action sounding in strict liability with evidence that he neither knew nor should have known of the dog's vicious propensities (*see Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]; *Blackstone v Hayward*, 304 AD2d 941 [2003]). In opposition, the plaintiffs raised a question of fact as to whether the defendant should have known of his dog's vicious propensities with evidence that upon each of Crysta's two arrivals at the defendant's home, the dog growled, barked, snarled, and bared its teeth directly at her and her family, which exceeds normal canine behavior of barking and growling (*see Bard v Jahnke*, 6 NY3d at 599; *Collier v Zambito*, 1 NY3d at 447; *Marek*

*v Burmester,* 37 AD3d 668, 669 [2007]). Unlike *Brooks v Parshall* (25 AD3d 853 [2006]), in which the dog never displayed aggression toward the child it later bit, and the injured child's parents had allowed the child to play with the dog, here, the dog allegedly twice bared its teeth directly at Crysta and her family, and Crysta's mother specifically warned Crysta not to go near the dog. Moreover, the conflicting deposition testimony of Crysta's parents and the defendant as to whether the dog, among other things, bared its teeth at Crysta and her family, presents a credibility issue for the jury (*see Williams v Bonowicz,* 296 AD2d 401 [2002]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action sounding in strict liability. Fisher, J.P., Ritter and McCarthy, JJ., concur.

Dillon, J. (dissenting and voting to reverse the order insofar as appealed from and grant that branch of the defendant's motion which was for summary judgment dismissing the cause of action sounding in strict liability, with the following memorandum): I respectfully dissent. The circumstances of this action are indistinguishable from those in *Brooks v Parshall* (25 AD3d 853 [2006]). In this action and in *Brooks,* a child was bitten by a dog in the home of the dog's owners. In both cases, the dogs in question had exhibited no prior vicious propensities, but had growled and bared teeth at guests at the home prior to the occurrence. The Court held in *Brooks* that the growling and baring of teeth, without more, was insufficient to qualify as notice of vicious propensities (*id.* at 854). We should be controlled by that same result here.

*Collier v Zambito* (1 NY3d 444 [2004]) does not call for a different result. The import of *Collier,* where prior vicious propensities were found not to have existed, is that a conglomeration of factors must be considered, including prior incidents of biting or attacks, whether the dog had been kept as a family pet versus a guard dog, the manner in which the dog had been confined or restricted, and whether there had been prior complaints to the owner (*id.* at 447). In cases where this Court has found the existence of triable issues of fact concerning pet owners' knowledge of vicious propensities, evidence has been required beyond mere growling, snarling, and the baring of teeth (*see Miller v Isacoff,* 39 AD3d 718 [2007] [the defendant acknowledged that his dog growled whenever the doorbell rang and that he posted warning signs on gates outside his home, explaining that he did not want strangers walking on the property when the dog was alone in the backyard]; *see also Sherman v Torres,* 35 AD3d 436 [2006] [the defendant testified at deposi-

tion that the dog had previously "nicked" a neighbor's dog on the face, was usually chained outside, and after the incident, was euthanized]; *Francis v Curley Family Ltd. Partnership,* 33 AD3d 852 [2006] [where the infant plaintiff was bitten by a dog at a child-care center where her mother worked, the mother of the infant plaintiff testified that she previously had complained to the defendant owner that the dog jumped on the children, making them uncomfortable, and there was evidence that the defendant had locked up the dog on prior occasions to keep it away from the children]; *Parente v Chavez,* 17 AD3d 648 [2005] [the defendant admitted to the plaintiff after the incident that the dog was used as a guard dog to watch over certain equipment on the property, a pen had been constructed to keep the dog away from the mailman and others, and a "Beware of Dog" sign was posted on the property]).

The majority, by holding, as it does now, that mere evidence of a dog's excited behavior consisting of momentary barking, growling, and baring of teeth when guests arrive is sufficient to defeat a defendant's prima facie showing of entitlement to judgment, deviates from clear and consistent precedent requiring something more than evidence of temporary, excited behavior (*see Collier v Zambito,* 1 NY3d at 447; *Brooks v Parshall,* 25 AD3d at 854; *Miller v Isacoff,* 39 AD3d at 719). By concentrating solely on the plaintiffs' evidence of barking, snarling, and baring of teeth when they arrived at the defendant's residence, the majority ignores the uncontroverted evidence that the defendant's dog was kept unconfined in the home as a family pet, was regularly in the presence of visitors to the home without incident, that the defendant had no knowledge of any aggressive behavior by the dog, and had not received any complaints about the dog's behavior. Moreover, after the first visit, the plaintiffs did not complain or express any concern to the defendant about the dog's behavior. Also uncontroverted is the fact that while the dog exhibited excited behavior upon the plaintiffs' arrival at the defendant's home on both occasions, she immediately complied with the defendant's order to lie down. Indeed, it is undisputed during the second visit, and prior to the occurrence, the plaintiffs and their other two family members entered the defendant's home, the dog went off to lie down, and the visit proceeded uneventfully for approximately 30 to 45 minutes before the infant plaintiff was bitten. There were no witnesses to the incident, and the record is devoid of any evidence that the behavior relied upon by the plaintiffs to create an issue of fact, i.e., barking, growling, and baring of teeth upon their arrival, in any way caused or contributed to the infant plaintiff's injury which was sustained long after the

alleged behavior had ceased (*see Seybolt v Wheeler,* 42 AD3d 643, 644 [2007]).

In my opinion, the plaintiffs failed to raise a triable issue of fact as their evidence demonstrated, at best, excited, common, and temporary behavior of a dog upon hearing the arrival of guests. Such behavior, standing alone, does not demonstrate a propensity to commit an act that might harm others and does not reflect a proclivity to act in a manner that puts others at risk (*see Brooks v Parshall,* 25 AD3d at 854). Accordingly, I would reverse the order of the Supreme Court insofar as appealed from and grant that branch of the defendant's motion which was for summary judgment dismissing the cause of action sounding in strict liability.