2020 IL App (2d) 190722
No. 2-19-0722
Opinion filed October 7, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JAMIE DZIERWA, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 16-L-461 |
| | ) | |
| JOSEPH ORI, ELISABETH ORI, and | ) | |
| BRAD HOEBEL, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Joseph Ori and Elisabeth Ori, Defendants- | ) | Robert W. Rohm, |
| Appellees). | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Bridges concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Jamie Dzierwa, brought suit against defendants, Joseph Ori, Elisabeth Ori, and Brad

Hoebel, seeking recovery for injuries sustained when the Oris' dog, a 105-pound Cane Corso named

Fiona, bit her. Dzierwa asserted claims under a theory of negligence and under the Animal Control

Act (Act) (510 ILCS 5/1 *et seq.* (West 2018)). The Oris moved for summary judgment on

the claims against them. The trial court granted the motion, and Dzierwa brought this appeal.[1] We affirm.

¶ 2                                    I. BACKGROUND

¶ 3 Dzierwa's injury occurred at the Oris' home on July 25, 2015. The Oris were out of town and Hoebel, who is Elisabeth's brother, was house-sitting and taking care of Fiona. According to depositions submitted in support of the Oris' summary judgment motion, before leaving town, Elisabeth instructed Hoebel to "feed [Fiona] and walk her and give her love." Hoebel had taken care of Fiona on a few prior occasions. Dzierwa and several others were visiting the Oris' home at Hoebel's invitation. At her deposition, Elisabeth testified that she was aware that Hoebel had friends over at the Oris' home on prior occasions. On the other hand, Joseph testified that Hoebel was told not to have anyone visit the home other than Hoebel's girlfriend.

¶ 4 Fiona had never bitten anyone or exhibited aggressive behavior prior to biting Dzierwa. She did not typically jump on visitors to the Oris' home. As of March 2018, when Elisabeth gave her deposition, the Oris had owned Fiona for seven years. Some children were fearful of Fiona and the Oris would keep Fiona and those children apart. Otherwise, the Oris did not generally keep Fiona away from guests. Elisabeth testified that Fiona would growl at people "[f]rom the car, through the window." Joseph testified that Fiona would growl through the window when strangers approached the Oris' home. Fiona did not like other dogs and would bark at them. On one occasion in 2015, prior to injuring Dzierwa, Fiona got into a fight with another dog at a dog park.

¶ 5                                    II. ANALYSIS

---

[1] This is an interlocutory appeal, as the Oris' claim against Hoebel under the Act remains pending.

¶ 6    We first consider whether the trial court erred in entering summary judgment for the Oris on Dzierwa's common-law negligence claim. Summary judgment will be entered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). "A genuine issue of material fact precluding summary judgment exists where the material facts are disputed, or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts." *Adames v. Sheahan*, 233 Ill. 2d 276, 296 (2009). Rulings on summary judgment motions are subject to *de novo* review. *Lewis v. Lead Industries Ass'n*, 2020 IL 124107, ¶ 15.

¶ 7 The elements of a cause of action for negligence are "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430 (2006). In a negligence action arising from an injury caused by a dog, the plaintiff must prove that the defendant "knew or had reason to know that the dog would be dangerous." (Internal quotation marks omitted.) *Sedlacek v. Belmonte Properties, LLC*, 2014 IL App (2d) 130969, ¶ 21.

¶ 8 Dzierwa argues that summary judgment was improper because the deposition testimony shows that the Oris knew or had reason to know of Fiona's vicious propensities. She points to the testimony that Fiona had gotten into a fight with another dog at a dog park. However, fights between dogs do not presage attacks on humans. See *Keightlinger v. Egan*, 65 Ill. 235, 237 (1872) ("To charge the defendant, he must have had knowledge of the dog's propensity to do similar mischief—that is, to bite mankind, and not animals only."); *Klitzka v. Hellios*, 348 Ill. App. 3d 594, 601 (2004) (altercations with unfamiliar dogs did not indicate that dog was a danger to children). Dzierwa also points to testimony that Fiona growled when people came to the door.

Dzierwa cites no Illinois case law holding that the owner of a dog who growls at people is on notice that the dog poses a threat to humans, and we have found none. However, we agree with courts in other jurisdictions that have declined to so hold. See, *e.g.*, *Hiner v. Mojica*, 722 N.W.2d 914, 919 (Mich. Ct. App. 2006) ("While the evidence indicated that defendant's dog was barking, snarling, and jumping toward *** plaintiff [and a coworker], the evidence did not establish that the dog was abnormally vicious, or that the dog had unusually dangerous propensities of which defendant knew or should have known."); *Fontanas v. Wilson*, 751 N.Y.S.2d 656, 657 (App. Div. 2002) (evidence "establish[ing] nothing more than the fact that defendants own a large dog who barks or growls when strangers approach his owners or his property" was insufficient to establish vicious propensities). Because there is no evidence that the Oris knew or had reason to know that Fiona was dangerous, they were entitled to judgment as a matter of law on Dzierwa's common law negligence claim.

¶ 9  We next consider whether it was error to enter summary judgment on Dzierwa's claim  under the Act. Section 16 of the Act provides:

> "If a dog or other animal, without provocation, attacks, attempts to attack, or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be, the owner of such dog or other animal is liable in civil damages to such person for the full amount of the injury proximately caused thereby."  510 ILCS 5/16 (West 2018).

"Owner" means "any person having a right of property in an animal, or who keeps or harbors an animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog to remain on any premises occupied by him or her." *Id.* § 2.16.

¶ 10 Although it would seem from the Act's language that it would impose strict liability on anyone with a property interest in the dog, courts have read the Act to " 'require a factual or

reasonable basis for liability.' " *Hayes v. Adams*, 2013 IL App (2d) 120681, ¶ 13 (quoting *Wilcoxen v. Paige*, 174 Ill. App. 3d 541, 543 (1988)). Thus, the Act "has been held not to apply in several situations where the plaintiff has brought himself or herself within its express terms." *Id.* ¶ 14.

¶ 11 In *Hayes*, we held that the legal owner of a dog could not be held liable for an injury it caused where "she was not in a position to control the dog or prevent the injury." *Id.* ¶ 20. In *Hayes*, the defendant brought the dog to a veterinary clinic for a surgical procedure. A clinic employee took the dog for a walk before the procedure, using a leash owned by the clinic. The dog escaped from the leash, ran away, and bit the plaintiff, who was trying to catch the dog. Because the defendant "relinquished care, custody, and control to the veterinary clinic, and there was nothing to indicate that she had any reason to believe that the clinic would allow the dog to escape or that the dog would bite someone" (*id.*), there was no reasonable basis for imposing liability. Similarly, the Oris relinquished care, custody, and control of Fiona to Hoebel, and, as explained in connection with Dzierwa's common-law negligence claim, the Oris had no reason to believe that Fiona would pose a danger to Hoebel's guests.

¶ 12 In an effort to distinguish *Hayes*, Dzierwa argues that, unlike the defendant in *Hayes*, the Oris "controlled the human traffic to which the dog would be exposed." The argument is unpersuasive. The Oris relinquished full control over Fiona, giving Hoebel broad discretion to make decisions as to how to care for her and protect others from violent encounters with her. That discretion extended to determining whether and how to limit Fiona's contact with other people. Dzierwa's argument seems to be that the Oris had control over Fiona because they had control over how much discretion to give Hoebel to control Fiona. That sort of indirect control is not sufficient to impose liability under the Act. One of the principal cases upon which *Hayes* relied—

*Carl v. Resnick*, 306 Ill. App. 3d 453 (1999)—supports our conclusion. In *Carl*, Judy Carl (the plaintiff), Shelly Resnick (the defendant), and a third woman, Kathy Paddock, were riding horses. Resnick owned the horses that Carl and Paddock were riding. Carl was injured when the horse that Paddock was riding kicked her. The *Carl* court concluded that, for purposes of liability under the Act, Resnick was an owner of the horse. The court stressed that

> "[Resnick] was more than the mere legal owner of the horse at the time of the incident. Although Paddock was riding [Resnick's] horse, not only was [Resnick] present when the incident occurred, but she testified in her deposition that she would never let anybody ride her horse without her being present. When asked why not, she responded '[b]ecause she's mine. I wouldn't ever send my horse out with anybody else besides me.' [Resnick's] testimony, *in conjunction with her presence at the time of the incident* and her legal ownership of the horse, clearly established that she maintained care, custody, and control of her horse to bring her within the definition of 'owner' found in the Animal Control Act." (Emphasis added.) *Id.* at 463-64.

The necessary implication is that Resnick would not have been considered the "owner" of the horse that Paddock was riding if Resnick had fully relinquished control of the horse to Paddock by letting her ride unaccompanied.

¶ 13 In a further effort to escape the rule in *Hayes*, Dzierwa cites an unpublished order decided under Illinois Supreme Court Rule 23(b) (eff. Apr. 1, 2018): *Schmit v. Metcalf*, 2017 IL App (2d) 151040-U. Although Dzierwa recognizes that such orders are not precedential (see Ill. S. Ct. R. 23(e)(1) (eff. Apr. 1, 2018)), she contends that she is citing it here merely so that we can consider its "rationale and reasoning." However, that is not a permissible purpose for which a Rule 23 order may be cited. Rule 23(e)(1) expressly states that such orders "may not be cited by any party except

to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case." *Id.* Dzierwa correctly notes that, in *In re Estate of LaPlume*, 2014 IL App (2d) 130945, ¶ 24, we cited a Rule 23 order "as an example of a court's reasoning and as a reasonability check." However, this court is not a "party" and so is not subject to Rule 23(e)'s limitation on the purposes for which Rule 23 orders may be cited. See *Crystal Lake Ltd. Partnership v. Baird & Warner Residential Sales, Inc.*, 2018 IL App (2d) 170714, ¶ 86. Because the citation of *Schmit* violates Rule 23(e), we will not consider that case.

¶ 14 Because the Oris lacked control over Fiona during the relevant time frame, they were not subject to liability under the Act and were entitled to summary judgment on the claim based on the Act.

¶ 15                                  III. CONCLUSION

¶ 16 For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 17 Affirmed.

---

**No. 2-19-0722**

---

| | |
|---|---|
| **Cite as:** | *Dzierwa v. Ori*, 2020 IL App (2d) 190722 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 16-L-461; the Hon. Robert W. Rohm, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Joseph LaRocco, of Law Offices of Francis J. Discipio, Ltd., of Oak Brook, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Andrea R. Zenker, of Higgins & Burke, P.C., of St. Charles, for appellees. |

---