2025 IL App (2d) 240531
No. 2-24-0531
Opinion filed June 30, 2025

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DIANA SCIFO, as Mother and Next Friend of M.S., a Minor, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23-LA-143 |
| GARY HAEGER and SANDRA HAEGER, | ) ) ) | |
| Defendants | ) ) | Honorable Elizabeth K. Flood, |
| (Sandra Haeger, Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff, Diana Scifo, as mother and next friend of M.S., appeals from the dismissal of her claim under section 16 of the Animal Control Act (Act) (510 ILCS 5/16 (West 2020)) against defendant Sandra Haeger, whom plaintiff sued together with Sandra's husband, Gary Haeger. We reverse and remand for further proceedings.

¶ 2                                        I. BACKGROUND

¶ 3   Plaintiff's amended complaint alleged that Sandra and Gary co-owned a German Shepherd dog named "Walker" (Walker was first identified by name in defendants' motion to dismiss). According to the amended complaint, Gary took Walker to a public park and invited M.S., who

was two years old, to pet Walker. When M.S. reached out to pet Walker, Walker bit his face. Plaintiff advanced claims against Gary and Sandra in separate counts. Sandra filed a motion under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2022)) to dismiss the claim against her. Sandra argued that she had no liability for the injuries Walker inflicted on M.S., because she was not at the park when M.S. was bitten; therefore, she did not have care, custody, and control of Walker. Relying on, *inter alia*, *Dzierwa v. Ori*, 2020 IL App (2d) 190722, and *Hayes v. Adams*, 2013 IL App (2d) 120681, the trial court granted the motion. The court found "no just reason for delaying enforcement or appeal or both," and plaintiff has filed this timely interlocutory appeal under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 4                                    II. ANALYSIS

¶ 5     The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *Walker v. Chasteen*, 2025 IL 130288, ¶ 16. Specifically, section 2-619 of the Code allows the dismissal of a complaint where defects, defenses, or other affirmative matters defeat the claim. *Village of Arlington Heights v. City of Rolling Meadows*, 2025 IL 130461, ¶ 14; see 735 ILCS 5/2-619(a)(9) (West 2022) (allowing dismissal where "the claim asserted against [the] defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim"). "Affirmative matter 'negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.' " (Internal quotation marks omitted.) *Village of Arlington Heights*, 2025 IL 130461, ¶ 14 (quoting *Strauss v. City of Chicago*, 2022 IL 127149, ¶ 54). As explained below, whether the claim against Sandra was properly dismissed hinges on the legal question of whether Sandra's property interest in Walker is a sufficient basis to hold her liable for

M.S.'s injury when she was personally in no position to control Walker at the time of the injury. Our review is *de novo*. *Centrue Bank v. Voga*, 2017 IL App (2d) 160690, ¶ 41.

¶ 6　　Section 16 of the Act (510 ILCS 5/16 (West 2020)) provides:

> "If a dog or other animal, without provocation, attacks, attempts to attack, or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be, the owner of such dog or other animal is liable in civil damages to such person for the full amount of the injury proximately caused thereby."

The term "owner" means "any person having a right of property in an animal, or who keeps or harbors an animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog to remain on any premises occupied by him or her." *Id.* § 2.16.

¶ 7　　At issue here is whether Sandra was Walker's "owner" within the meaning of section 2.16 of the Act. The question is one of statutory construction. "Our primary objective when construing a statute is to ascertain the intent of the legislature and give effect to that intent. [Citation.] The best evidence of legislative intent is the statutory language itself, which must be given its plain and ordinary meaning." *People v. Ramirez*, 2023 IL 128123, ¶ 13. Moreover, " '[u]nder the guise of construction, a court may not supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of language employed in the statute.' " *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 26 (2005) (quoting *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 309-10 (2001)). Nonetheless, "while statutory language, given its plain and ordinary meaning, is generally the most reliable indicator of that legislative intent, a literal reading must fail if it yields absurd, inconvenient, or unjust results." *Erickson v. Knox County Wind Farm LLC*, 2024 IL App (4th) 230726, ¶ 74.

¶ 8    Here, there is no dispute that Sandra has a property interest in Walker, and she is therefore an "owner" under the plain meaning of section 2.16 of the Act. In dismissing the claim against Sandra, notwithstanding the plain language of the Act, the trial court relied heavily on *Hayes* and *Dzierwa*. In *Hayes*, this court held that, after a dog owner relinquished care and control of the dog to a veterinary clinic, the owner could not be held liable when clinic staff took the dog for a walk (to calm it before surgery) and the dog escaped its leash and bit a third party. *Hayes*, 2013 IL App (2d) 120681, ¶¶ 3-4. *Hayes* rejected a reading of section 16 that would impose strict liability:

> "Although on its face the Act would appear to hold any legal owner of a dog strictly liable for injuries, and 'the [Act] is not negligence-based and does not require an injured party to prove that the "owner" is negligent, the Act also does not impose strict liability upon the owner.' " *Id.* ¶ 12 (quoting *Beggs v. Griffith*, 393 Ill. App. 3d 1050, 1054 (2009)).

" 'Rather, the courts require a factual or reasonable basis for liability.' " *Id.* ¶ 13 (quoting *Wilcoxen v. Paige*, 174 Ill. App. 3d 541, 543 1988)).

¶ 9    Applying these principles, we concluded as a matter of law that the dog owner was not liable:

> "Here, given that courts have routinely rejected a strict liability interpretation [of the Act], the trial court correctly granted summary judgment in favor of [the dog owner]. Once strict liability was eliminated, there was no basis for [the dog owner] to be held liable, because *** she was not in a position to control the dog or prevent the injury. *Instead, she relinquished care, custody, and control to the veterinary clinic*, and there was nothing to indicate that she had any reason to believe that the clinic would allow the dog to escape or that the dog would bite someone. Thus, there is no factual or reasonable basis to impose

liability, as doing so would do nothing more than impose liability as a pure penalty for dog ownership." (Emphasis added.) *Id.* ¶ 20.

¶ 10    In *Dzierwa*, two of the defendants, Joseph and Elisabeth Ori, left their dog in the care of Elisabeth's brother, who was house-sitting while they were out of town. *Dzierwa*, 2020 IL App (2d) 190722, ¶¶ 1, 3. While Joseph and Elisabeth were away, Elisabeth's brother had some friends, including the plaintiff, over to their home, and the dog bit the plaintiff. *Id.* Relying on *Hayes*, we held that Joseph and Elisabeth could not be held liable under the Act. *Id.* ¶¶ 11-13.

¶ 11    Sandra argues that her co-ownership of Walker was not a sufficient factual or reasonable basis to impose liability, given that, at the precise moment that the injury allegedly occurred, she "could not have physically controlled Walker or prevented the alleged injury." We disagree. The plain language of the Act imposes liability on those who have a property interest in an animal that causes injury to another. Although courts have recognized an exception where one with a property interest temporarily places an animal in the custody of a third party with the reasonable expectation that the third party will exercise care and control of the animal, no reported decision has ever extended that reasoning to co-owners in the ordinary sense, *i.e.*, individuals with a property interest in the same animal. We decline to take that step.

¶ 12    *Hayes* "is limited to situations where the legal owner of an animal *relinquishes* care and control to another responsible entity, ***." (Emphasis added.) *Scollard v. Williams*, 2023 IL App (1st) 220464, ¶ 22 (owner of lost and injured dog not entitled to summary judgment on claim under the Act brought by an individual who attempted to provide aid to the dog and was bitten in the process). Thus, the dispositive question here is whether Sandra "relinquished" care and control of Walker to Gary. We conclude that she did not.

¶ 13    There can be more than one owner under the Act. *Carl v. Resnick*, 306 Ill. App. 3d 453, 463 (1999). Co-owners have full and equal rights to the possession and use of common property, and one co-owner may not deprive another co-owner of that possession or use. See *Zedella v. Gibson*, 165 Ill. 2d 181, 187 (1995). As a general rule, one co-owner does not have a superior right of control compared to another co-owner. *Id.* at 190. Sandra never relinquished her right of ownership of the dog. She did not relinquish care, custody, or control to her husband, Gary; they both held those in tandem as co-owners. Thus, the fact that Sandra was not present when Walker bit M.S. was not, as a matter of law, an affirmative matter defeating plaintiff's claim. As a co-owner of Walker, in the ordinary sense, Gary had as much right to take Walker to the park as Sandra did. The mere fact, as alleged in Sandra's motion to dismiss, that Sandra was not present when Walker bit M.S. does not establish that she relinquished anything to Gary.

¶ 14    That Gary was exercising his right to care, custody, and control of Walker did not, as a matter of law, in any way interfere with or reduce Sandra's right to the same. Given that Gary and Sandra shared property interests in Walker, as well as responsibility for Walker's care and control, there is no sound reason to shield Sandra from liability simply because, by happenstance, Gary was fulfilling that responsibility at the moment Walker allegedly bit M.S.. Thus, *Hayes* and *Dzierwa* are readily distinguishable. We find nothing in the clear language of section 16 of the Act that evinces a contrary intent of the legislature. Because Sandra did not relinquish care, custody, or control to Gary, the trial court erred in granting Sandra's motion to dismiss.

¶ 15                                III. CONCLUSION

¶ 16    For the reasons stated, the judgment of the circuit court of Kane County is reversed and the case is remanded for further proceedings.

¶ 17    Reversed and remanded.

*Scifo v. Haeger*, **2025 IL App (2d) 240531**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 23-LA-143; the Hon. Elizabeth K. Flood, Judge, presiding. |
| **Attorneys for Appellant:** | Anthony R. Scifo, of Law Office of Anthony R. Scifo, P.C., of Elgin, for appellant. |
| **Attorneys for Appellee:** | Michael Resis, of Amundsen Davis, LLC, of Chicago, and Thomas P. Scherschel and Sam I. Fino, of Amundsen Davis, LLC, of St. Charles, for appellee. |